Emil P. STEFANOV, Appellant,

v.

J. A. CEIPS, Appellee.

No. 7526.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 18, 1965.

Rehearing Denied Nov. 15, 1965.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Fitzjarrald & Poole, Amarillo, for appellee.

NORTHCUTT, Justice.

On September 30, 1953, Dr. Emil P. Stefanov, by his attorney, filed suit against Dr. J. A. Ceips seeking actual damages and also exemplary damages alleging that Ceips willfully and maliciously assaulted and beat Stefanov causing him great damage. Ceips, by his attorney, filed a general denial to said suit. On October 26, 1953, Ceips filed his application in said suit requesting stay of the proceedings in said cause until he was released from active duty with the army and for three months thereafter. On March 6, 1963, the suit was dismissed for want of prosecution. On July 16, 1964, Stefanov, by his attorney, filed a bill of review seeking to have the case reinstated. By agreement the case was reinstated. On January 2, 1965, the case came on for trial and the following proceedings took place:

"THE COURT: Gentlemen, please be seated. Now, let the record show at this time that the parties to this lawsuit, Emil P. Stefanov, as Plaintiff, and J. A. Ceips, as Defendant, have, in open Court, entered their stipulation to the effect that the previous dismissal of this case will be set aside, and that the case will be heard on the merits at this time before the Court without a jury.

"Mr. Gordon Treadaway, who has come into this case as Counsel for the Plaintiff, has requested leave to withdraw as counsel, leaving each party here representing himself without counsel.

"That is the stipulation as I understand it, Gentlemen, do I understand it correctly?

DR. STEFANOV: I wan—yes, sir. I want Mr. Treadaway to stay.

THE COURT: You want him to stay?

DR. STEFANOV: Yes.

THE COURT: You would like for him to represent you?

DR. STEFANOV: Yes.

THE COURT: But he asked leave to withdraw and I will grant that.

MR. TREADAWAY: And may I suggest this in the presence of the Court, that both parties be sworn, and that each party present his case in such a way that the friendly relationship now existing between these two medical doctors might continue in the future. Their relationship in this Court today has been most friendly, and to me, as an individual, that is important, and I am sure it is important to them as members of their profession. Thank you very much.

(Whereupon, Mr. Treadaway (retired from the Courtroom.

THE COURT: Now, Gentlemen, in just a moment I will administer the oath to you, however, since neither of you will be represented by a lawyer here today I feel I should go into the matter a little bit and explain a little bit of the procedure to you. You may be more or less familiar with proceedings in Court, however, familiarity with proceedings elsewhere might not give you such experience that you would know what to expect here.

"Of course, in a case of this sort, a suit for damages being brought, the Plaintiff is permitted to open and close the evidence, which means he gets the first and last word. However, the defendant's last word is not spoken until he sits down and says: 'No more.' And then, the plaintiff has the opportunity to close the evidence with the last word.

"After the presentation of the evidence, you will each be permitted a reasonable period of time in which to make a summation, an argument, in other words, addressed to the Court concerning the merits of your case.

"Now, that may seem like a fine distinction to make, and I assure you that since neither one of you is represented by counsel, we will not proceed according to very strict interpretations of our rules of procedure and evidence, but I may, at times, have to caution you to restrict yourselves to proper procedure.

"Now, in this case, since neither one of you is represented by a lawyer, at any time that either one of you has a question to ask of me concerning the proceedings, feel free to do so. Get my attention the best way you can, and please stand when addressing the Court is about the only requirement. You may remain seated now, but raise your right hands and be sworn.

(Thereupon the parties were (Sworn.

THE COURT: Now, Dr. Stefanov, it is your prerogative to open the evidence, so, if you will, come to the witness stand, please, sir."

Thereafter the plaintiff and defendant made a number of statements as to the matters here involved and asked each other a few questions and the case was closed. On January 5, 1965, judgment was entered decreeing the plaintiff take nothing by his suit. From that judgment the plaintiff perfected this appeal. Hereafter Dr. Stefanov will be referred to as appellant and Dr. Ceips as appellee.

Appellant presents this appeal upon nine assignments of error. Since we are of the opinion the case should be reversed to permit appellant to be represented by an attorney of his own selection, we will only consider appellant's first two points of error

which contend the court erred in denying appellant the right to be represented in court by an attorney of his own selection and in failing to continue the case or to declare a mistrial to permit appellant to obtain an attorney to represent him.

It is true appellant did not make a motion for continuance but it is plainly shown that appellant was not familiar with the proper procedure to protect his rights. There is nothing shown in this record to show appellant knew he would not be represented by his attorney prior to the time of the hearing. His attorney was present when the case was called for trial and requested leave of the court to withdraw and suggested to the court that both parties be sworn and that each party present his case. The appellant in a manner objected to proceeding in that he stated he wanted the attorney to represent him.

Appellant had employed two attorneys to represent him. From the record here, we think it is obvious that appellant through no fault or neglect on his part except in failing to make a motion for continuance was deprived of having his attorney of his own selection to appear and represent him. His right to appear and be represented by counsel of his own choosing is valuable and its unwarranted denial is reversible error. Swartz v. Swartz, Tex. Civ.App., 76 S.W.2d 1071; Farmers' Gas Co. v. Calame, Tex.Civ.App., 262 S.W. 546; Metts v. Waits, Tex.Civ.App., 286 S.W. 923; Maeding v. Maeding, Tex.Civ.App., 155 S.W.2d 991; Yellow Transit Co. v. Klaff, Tex.Civ.App., 145 S.W.2d 264.

Under the record herein we are of the opinion that the court should have continued the case until such time as the appellant could have been represented by an attorney of his own choice.

Judgment of the trial court is reversed and remanded that appellant may be represented by an attorney of his own choosing.