**Jaime Lara VILLEGAS, Petitioner,**

**v.**

**Wilmot R. CARTER et al., Respondents.**

**No. C–4776.**

Supreme Court of Texas.

June 18, 1986.

*Carswell,* 159 Tex. 598, 324 S.W.2d 835, 840 (1959).

Jose Montes, Jr., El Paso, for petitioner.

Edwards, Belk, Hunter and Kerr, J. Crawford Kerr, El Paso, for respondents.

SPEARS, Justice.

This case involves the trial court's discretion to deny a motion for continuance after allowing the attorney to withdraw two days before trial. As a result of the denial, the petitioner Villegas appeared *pro se* and prosecuted his case unsuccessfully. In an unpublished opinion, the court of appeals affirmed the judgment. We reverse the court of appeals judgment and remand to the trial court for a new trial.

In June, 1982, Jaime Lara Villegas bought a home in El Paso from Wilmot and Alicia Carter. Villegas assumed a first lien and executed a second lien for approximately $38,000. He defaulted in July 1983, and the Carters accelerated the note. Villegas and the Carters then worked out an agreement, with Villegas executing a new note for $47,000 that included accrued interest, expenses, and a higher interest rate. In January 1984, the Carters' trustee informed Villegas that he owed $1,350 in delinquent payments. Villegas paid the Carters $5,000 on March 2nd to cure the default, pay the attorney's fees, and provide a credit on future payments. On April 9th the Carters' trustee posted the property for foreclosure. On June 5th, the trustee sold the property at public auction back to the Carters.

Villegas filed suit in county court on June 25, 1984, alleging that: (1) the second promissory note was void for usury; (2) the sale was for an inordinately low amount; (3) he had not received notice of the foreclosure sale; and (4) there were other irregularities in the public sale of the property. He was represented by Paula Thomas and Miguel Cervantes. The court set the cause for trial on October 25, 1984. On October 3rd, Thomas moved to withdraw as counsel, and the motion was granted that day. Cervantes moved to withdraw as counsel on October 5th, alleging irreconcilable differences. The court granted his motion to withdraw on October 23rd.

Two days later, Villegas appeared for trial without an attorney and told the court that he wanted time to get an attorney; that he first learned about Cervantes' at-

tempt to withdraw only six days before at his deposition; that Cervantes would not turn over his file and important evidence to him although Cervantes had not presented him with a bill; that he wanted to hire a new attorney, Jose Montez, Jr., but that Montez would not take the case until he could see the file, look over the facts, and determine the fee; and that Montez had called Cervantes to obtain the file but that Cervantes would not return his call.

The court refused Villegas' request for a continuance to obtain an attorney and his papers. The case was then tried to the court. The court denied Villegas' claim and awarded the Carters restitution of their property and a deficiency judgment of $19,700.

Tex.R.Civ.P. Rule 253 provides:

[A]bsence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of judge to be stated on the record.

■ The granting or denial of a motion for continuance is within the trial court's sound discretion. *State v. Crank,* 666 S.W.2d 91, 94 (Tex.1984); *Hernandez v. Heldenfels,* 374 S.W.2d 196, 202 (Tex. 1963). The trial court's action will not be disturbed unless the record discloses a clear abuse of discretion. When the ground for the continuance is the withdrawal of counsel, movants must show that the failure to be represented at trial was not due to their own fault or negligence. *State v. Crank,* 666 S.W.2d at 94. Generally, when movants fail to comply with Tex.R.Civ.P. 251's requirement that the motion for continuance be "supported by affidavit," we presume that the trial court did not abuse its discretion in denying the motion. *Garcia v. Tex. Emp. Ins. Ass'n,* 622 S.W.2d 626, 630 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). It would be unrealistic, however, to apply this presumption to lay movants who without fault have their attorney withdrawn. *Robinson v. Ri-*

*singer,* 548 S.W.2d 762, 765 (Tex.Civ.App.—Tyler, 1977, writ ref'd n.r.e.).

■ The right to counsel is a valuable right; its unwarranted denial is reversible error. *See State v. Crank,* 666 S.W.2d at 94; *Stefanov v. Ceips,* 395 S.W.2d 663, 665 (Tex.Civ.App.—Amarillo, 1965, no writ). Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. *Lowe v. City of Arlington,* 453 S.W.2d 379, 382 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.); *Stefanov v. Ceips,* 395 S.W.2d at 665; *Leija v. Concha,* 39 S.W.2d 948, 950 (Tex.Civ.App.—El Paso 1931, no writ). *See Robinson v. Risinger,* 548 S.W.2d 762 (Tex. Civ.App.—Tyler 1977, writ ref'd n.r.e.). Before a trial court allows an attorney to withdraw, it should see that the attorney has complied with the Code of Professional Responsibility:

[A] lawyer should not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules.

Supreme Court of Texas, Rules Governing the State Bar of Texas art. XII, § 8 (Code of Professional Responsibility) DR 2–110(A)(2); *Smith v. State,* 490 S.W.2d 902, 909–910 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.).

■ In this case, the trial court abused its discretion because the evidence shows that Villegas was not negligent or at fault in causing his attorney's withdrawal. The court granted Villegas' attorney's motion to voluntarily withdraw two days before trial—too short a time for Villegas to find a new attorney and for that new attorney to investigate the case and prepare for trial. In addition, Villegas could not obtain a new attorney or present his case because the former attorney refused to turn over Villegas' files with his papers and evidence.

The attorney did not give Villegas time to employ new counsel or deliver to Villegas the papers and property to which Villegas was entitled. In short, Villegas' attorney did not take reasonable steps to avoid foreseeable prejudice to the client.

The trial court should either have denied the attorney's motion to withdraw or granted the party's motion for continuance; it did neither. Therefore, we reverse the court of appeals judgment and remand for a new trial.