Charlotte R. WILBORN, Individually and as the Administratrix of the Estate of Edward E. Wilborn, Deceased, Ede R. Wilborn, Ja'Mille Williams Wilborn, and Esther O. Morris, Appellants,

v.

LIFE AMBULANCE SERVICES, INC., Appellee.

No. 08–03–00389–CV.

Court of Appeals of Texas, El Paso.

April 14, 2005.

Rehearing Overruled May 11, 2005.

Jose Montes, Jr., P.C., El Paso, for Appellants.

Karen L. Landinger, Ray, Valdez, McChristian & Jeans, P.C., El Paso, Gaye Lynn Rothman, Brown McCarroll Oaks Hartline LLP, Austin, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the denial of a continuance of a hearing on Motions for Summary Judgment filed by Appellee and the corresponding granting of the Motions for Summary Judgment. For the reasons stated, we affirm the judgment of the trial court.

### I. FACTUAL AND PROCEDURAL HISTORY

Appellants filed a lawsuit against multiple defendants arising out of an accident that occurred on April 6, 1998 that resulted in the death of Edward Wilborn. Edward Wilborn was electrocuted while performing duties in the course and scope of his employment. Appellants sued various Defendants for various claims related to the incident and Appellee for claims relat-

ed to the life support, resuscitation and transport of the deceased. At the time that Appellants filed their Original Petition, June 9, 1999, they were represented by two attorneys, Jose Montes, Jr. and Michael D. Volk.

Two subsequent petitions were filed, and were entitled Appellant's First Amended Original Petition and Second Amended Original Petition, respectively. Each reflected that Appellants were represented by both Mr. Montes and Mr. Volk. A Third Amended Original Petition was filed on April 6, 2000 which was signed only by Mr. Jose Montes, Jr. The appellate record reveals that the case remained pending for several years and included one abatement of the case due to the filing of bankruptcy by one of the Defendants.

On March 25, 2003, Michael D. Volk filed a Motion to Withdraw as attorney of record notifying the court that "there has been a breakdown in cooperation and communication with counsel in the handling of their case." The trial court signed the Order allowing for the withdrawal of Mr. Volk on April 9, 2003. Mr. Montes remained the attorney of record and Mr. Volk's motion specifically informs the court that Mr. Montes "will remain as counsel." The motion also includes a paragraph referencing various pending deadlines, including notice that all dispositive motions were to be filed by May 8, 2003 and a trial setting of June 23, 2003. On April 17, 2003, Appellee filed two Motions for Summary Judgment, a traditional motion and a "no evidence" motion, setting both for hearing on May 8, 2003. On April 30, 2003, Appellants filed a Motion for Continuance of the dispositive motions hearing, contending that at the April 9, 2003 hearing on the Motion to Withdraw, the trial court allowed Appellants thirty days, until May 9, 2003, to obtain new counsel to represent them in pursuing their claims

against Appellee. We note for the record that neither the Motion for Continuance nor the Order denying same are included in the clerk's record though Appellants attach a copy of the motion in the appendix to their brief. The Motion for Continuance was apparently considered at the dispositive motions hearing held May 8, 2003 and denied. At that hearing, the trial court judge orally denied Appellant's motion but indicated that he would consider the pending motions for summary judgment "under submission" and would rule on them after the May 9, 2003 deadline. We also note that the Order allowing the withdrawal of Mr. Volk makes no reference to allowing Appellants any time limit to retain new counsel. The matter appears to have been discussed at the April 9, 2003 hearing, but any order or agreement was never reduced to writing and a transcript of that hearing is not included in the appellate record. The trial court granted the motions for summary judgment and severance of the case on May 12, 2003.

Appellants filed a Motion for New Trial and Notice of Appeal. Appellants have raised one issue, complaining that the "trial court erred in denying Appellant's Motion for Summary Continuance because the time period to secure new counsel had not yet expired prior to the trial court's granting of Appellee's ... Motion for Summary Judgment."

## II. DISCUSSION OF ISSUE

In their sole complaint, Appellants assert that the trial court abused its discretion in denying Appellants' Motion for Continuance of the summary judgment hearings. We note that Appellants' brief appears to include a complaint about the "granting of Appellee's ... Motion for Summary Judgment" in a brief reference contained in its preliminary statement of

the case. We also note for the record that Appellants do not brief the issue regarding the granting of the summary judgments and do not reference it in the body of the brief. Because Appellants do not argue or brief the issue, and do not cite any authority or make any references to the record, we consider that issue waived. Tex. R.App. P. 38.1(h).

## A. Standard of Review– Abuse of Discretion

 The granting or denial of a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986); *State v. Crank,* 666 S.W.2d 91, 94 (Tex.1984); *Hernandez v. Heldenfels,* 374 S.W.2d 196, 202 (Tex.1964). The trial court's action will not be disturbed unless the record discloses a clear abuse of discretion. When the ground for the continuance is the withdrawal of counsel, movants must show that the failure to be represented at trial was not due to their own fault or negligence. *Villegas,* 711 S.W.2d at 626; *Crank,* 666 S.W.2d at 94. Generally, when movants fail to comply with Tex.R. Civ. P. 251's requirement that the motion for continuance be "supported by affidavit," we presume that the trial court did not abuse its discretion in denying the motion. *Villegas,* 711 S.W.2d at 626; *Garcia v. Tex. Emp. Ins. Ass'n,* 622 S.W.2d 626, 630 (Tex. App.-Amarillo 1981, writ ref'd n.r.e.). The right to counsel is a valuable right; its unwarranted denial is reversible error. *Villegas,* 711 S.W.2d at 626; *see Crank,* 666 S.W.2d at 94; *Stefanov v. Ceips,* 395 S.W.2d 663, 665 (Tex.Civ.App.-Amarillo 1965, no writ). Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. *Villegas,* 711 S.W.2d at 626; *Lowe v. City of Arlington,* 453 S.W.2d 379, 382 (Tex.Civ.App.-Fort Worth 1970, writ ref'd n.r.e.); *Stefanov,* 395 S.W.2d at 665; *Leija v. Concha,* 39 S.W.2d 948, 950 (Tex. Civ.App.-El Paso 1931, no writ). *See Robinson v. Risinger,* 548 S.W.2d 762 (Tex. Civ.App.-Tyler 1977, writ ref'd n.r.e.). Before a trial court allows an attorney to withdraw, it should see that the attorney has complied with the Code of Professional Responsibility: [A] lawyer should not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules. Supreme Court of Texas, Rules Governing the State Bar of Texas art. XII, § 8 (Code of Professional Responsibility) DR 2–110(A)(2); *Villegas,* 711 S.W.2d at 626; *Smith v. State,* 490 S.W.2d 902, 909– 10 (Tex.Civ.App.-Corpus Christi 1972, writ ref'd n.r.e.).

## B. Discussion

 On appeal, Appellants argue that the court abused its discretion in failing to grant them a continuance for the purpose of obtaining different counsel in this matter. We note that since the filing of the Original Petition in this matter, Mr. Montes was, at all times, counsel of record and was an active participant in the prosecution of this litigation. The April 9, 2003 Order allowing the withdrawal of Michael Volk as attorney of record states that Jose Montes Jr. will remain as counsel for the Appellants. There are no written orders included in the appellate record that document any agreement to allow Mr. Montes to withdraw from representation. We also note that at no time were Appellants without representation by competent legal

counsel who had intimate familiarity with the case.

Whether or not to grant a continuance based upon the absence of counsel is a question for the trial court's discretion. Tex.R. Civ. P. 253. The test for determining whether a trial court abuses its discretion is whether it acted without reference to any guiding rules or principles. *Waste Water, Inc. v. Alpha Finishing & Developing Corp.*, 874 S.W.2d 940, 942 (Tex.App.-Houston [14th Dist.] 1994, no pet.); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm'n App.–1939, opinion adopted). In other words, the trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Waste Water, Inc.*, 874 S.W.2d at 942.

Furthermore, we note that in cases where a trial judge's discretion comes into play, such as in his decision to dismiss a case for want of prosecution, it has long been the rule that the judge may take into account the entire procedural history of the case. *Waste Water, Inc.*, 874 S.W.2d at 942; *Sustala v. El-Romman*, 712 S.W.2d 164, 166 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.) (court may consider entire history of case, including past lack of diligence, when deciding whether to dismiss for want of prosecution). We agree with the Houston Court of Appeals and see no reason why a trial judge should not be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance. *Waste Water, Inc.*, 874 S.W.2d at 942.

Further, because the motion was not supported by affidavit, we presume that the trial court did not abuse its discretion in denying the motion. *Id.; see also Villegas*, 711 S.W.2d at 626.

*State v. Crank*, 666 S.W.2d 91 (Tex.), *cert. denied*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984) provides guidance when evaluating a motion for continuance based upon the absence of counsel. In *Crank*, the Supreme Court held that where the absence of counsel has been urged as grounds for a continuance, the movant must demonstrate that the failure to be represented at trial was not due to his own fault or negligence. *Id.* at 94. We recognize that *Crank*, though helpful, is distinguishable from the case at bar because *Crank* was initially applied only to cases where counsel was discharged prior to trial. In fact, the court expressly stated, "We first note this is not a case where the party's counsel voluntarily withdrew, nor one where a party, because of an emergency, was left without legal representation." *Id.* at 94. It is the movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending a suit, that determines whether good cause exists for granting a continuance. *Id.*

*Crank* presented the unusual situation where the defendant had already received two continuances and suddenly announced the morning of trial that he and his counsel had reached "philosophical differences" and, in open court, discharged counsel. Absence of counsel was due entirely to the defendant's action. Based on those facts, the Supreme Court found no abuse in discretion in denying Dr. Crank's motion for continuance. *Id.* at 95.

In *Villegas v. Carter*, 711 S.W.2d 624 (Tex.1986), the Texas Supreme Court expanded the *Crank* test to include cases where counsel voluntarily withdrew, and the movant did not have time to procure new counsel. In *Villegas*, the court first reiterated in no uncertain terms that the granting or denial of a motion for continu-

ance is within the sound discretion of the trial court. *Id.* at 626. The court further expanded its holding in *Crank* by stating that when withdrawal of counsel is the ground for continuance, the movant must show that failure to be represented by counsel at trial was not due to his own fault or negligence. In *Villegas,* the movant's attorney withdrew two days prior to trial and refused to turn over to the movant files relating to his defense. The trial court refused to grant a continuance. Under these circumstances, the Supreme Court held that the movant was not at fault or negligent in failing to be represented at trial. The court concluded that the trial court had abused its discretion in denying the continuance. *Id.* at 626.

Several other cases have addressed a trial court's failure to grant a motion for continuance based on the absence of counsel, they are helpful in our analysis and were cited with favor by the *Crank* court. The *Crank* court cited *Strode v. Silverman,* 217 S.W.2d 454 (Tex.Civ.App.-Waco 1949, writ ref'd), and *Counts v. Counts,* 358 S.W.2d 192 (Tex.Civ.App.-Austin 1962, writ dism'd w.o.j.); *appeal dismissed,* 373 U.S. 543, 83 S.Ct. 1549, 10 L.Ed.2d 688 (1963), both dealing with the trial court's failure to grant a new trial based upon absence of counsel. *Counts* is particularly relevant to our analysis because that court specifically stated: "The failure of an attorney to perform the services for which he was employed, or his absence on the date set for trial or lack of diligence by a litigant in securing an attorney to represent him, or where a litigant fails to take steps to procure another attorney although advised that his counsel has withdrawn from the case, does not excuse such litigant's failure to take steps to see that he was properly represented at the trial." *Counts,* 358 S.W.2d at 200.

The *Crank* court also relied upon *Van Sickle v. Stroud,* 467 S.W.2d 509 (Tex.Civ. App.-Fort Worth 1971, no writ). *Van Sickle* clearly states that absence of counsel is a ground for continuance only upon a showing of diligence and lack of fault by the complaining party. *Id.* at 511. Here, even if taking Appellants assertion that they had attempted to obtain other counsel but were not able to do so as true, we note that they appeared at the May 8, 2003 hearing represented by their attorney of record who participated in those proceedings. At no time were they unrepresented by counsel. Thus, we believe our holding is consistent with the analysis established by *Crank* and *Villegas.*

We note that the Houston Court of Appeals has also rendered decisions consistent with our position. In *Dell Development Corp. v. Best Indus. Uniform Supply Co., Inc.,* 743 S.W.2d 302 (Tex.App.-Houston [14th Dist.] 1987, writ denied) and *Gendebien v. Gendebien,* 668 S.W.2d 905 (Tex.App.-Houston [14th Dist.] 1984, no writ), the Houston court affirmed the denial of a motion for continuance despite the absence of the party's attorney. In *Dell,* the corporation's only explanation for failing to secure counsel to represent it at trial was that an officer, who was not a licensed attorney, believed that he could represent the corporation without the assistance of an attorney. *Dell Development Corp.,* 743 S.W.2d at 303. In *Gendebien,* the movant had not engaged a new attorney to represent him despite withdrawal of his counsel one month before. *Gendebien,* 668 S.W.2d at 908. Both of these holdings are consistent with the rules enunciated in *Crank* and *Counts* and recognize the culpability of the moving party. *Waste Water, Inc.,* 874 S.W.2d at 942.

Here, it is clear from the record that even if Appellants had been actively seeking another attorney to represent them,

their current counsel was certainly capable of providing representation until such time as new counsel assumed responsibility for the case. At the motion's hearing on May 8, 2003, the trial court inquired of Mrs. Wilborn whether she had obtained a new attorney. She responded that "And I have been trying to ascertain an attorney. At this point in time, because of the time period, I'm having difficulties in town and my daughter is presently checking out of town for me." In short, they at no time, were not represented by able counsel. Further, we note that the Motion for Continuance did not contain any affidavits supporting the basis for a continuance of the hearings as required by Tex.R. Civ. P. 251. The motion as filed provides support for the presumption that the trial court did not abuse its discretion in denying the continuance. Accordingly, after examining the record, we hold that the trial judge did not clearly abuse his discretion when he denied Appellants' Motion for Continuance. We therefore overrule Appellants' sole issue.

Having overruled Appellants' sole issue on review, we affirm the judgment of the trial court.