

# In The
# Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00114-CV
_____

RAFFAELE M. PANDOZY, Appellant

V.

CAROLYN SHAMIS AND CARSHA, INC., Appellees

On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court No. 05-7490-E

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Raffaele M. Pandozy appeals from a judgment granting a no-evidence summary judgment to Carolyn Shamis and Carsha, Inc.[1] Pandozy had sued them in an attempt to recover Shamis' commission (of $35,000.00) and damages for the sale of a building and related gardens when the owner-financed sale became a disaster.[2]

1.    **Factual and Procedural Background**

Pandozy/Dallas Texas Rose Garden, Inc., sold a large house, and attached rose gardens, with the assistance of Shamis/Carsha, to a charitable organization—the Dallas International Street Church.[3] It appears that Pandozy financed the purchase for approximately $975,000.00, but later foreclosed after a failure of the Church to make payments on the purchase. The Church paid Pandozy $70,000.00 in cash, Pandozy carried a note for $705,000.00, and Pandozy gifted the Church with a credit of $200,000.00 for tax purposes. Shamis received a sales commission of $35,000.00 on the transaction. Pandozy alleged that this amount was to be repaid if the Church could no longer make its payments and Pandozy foreclosed. Shamis alleged such repayment was conditioned on

---

[1]The appeal is in this Court due to a transfer from the Fifth Court of Appeals in Dallas—the entire court recused itself.

[2]According to the petition, the properties consisted of a 10,000-square-foot building and adjoining landscaped properties, enclosed by a steel fence and lighting.

[3]Shamis correctly points out that only Pandozy individually has appealed from the judgment. There is no notice of appeal on behalf of Dallas Texas Rose Garden, Inc., and we will not imply its existence.

2

allowing her to re-list and sell the property and that Pandozy unilaterally and ineffectually attempted to strike that portion of the agreement. He foreclosed, and when he re-entered the premises, according to information in his brief, it had been effectively ruined.

Pandozy sued Shamis, claiming that she had not adequately advertised the property, and under breach of contract theories, demanded that she return the $35,000.00 commission. He also claimed that she had engaged in fraud in connection with convincing him to hire her company as his realtor, and in the actions taken thereafter in connection with obtaining the sale.

At its beginning, Pandozy was represented by counsel. He was evidently dissatisfied, and counsel withdrew. Shamis/Carsha filed a no-evidence motion for summary judgment on January 22, 2007. Pandozy did not file a response. He did file a motion for continuance, which was denied. The trial court heard and granted the summary judgment motion March 15, 2007. Pandozy's points of error raise two issues: (1) the trial court erred in granting Shamis' motion for summary judgment, and (2) the trial court erred in denying his motion for a continuance. Additionally, Shamis urges that the appeal is frivolous and that she should be awarded "just damages." We affirm the judgment of the trial court.

## 2.    No-Evidence Motion for Summary Judgment

In a Rule 166a(i) no-evidence summary judgment, the movant represents that no evidence exists as to one or more essential elements of the nonmovant's claims, upon which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The nonmovant then must present

3

evidence raising a genuine issue of material fact on the challenged elements. *Id.* To defeat a no-evidence motion for summary judgment, the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i) cmt. A no-evidence summary judgment is essentially a pretrial directed verdict. We, therefore, apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002).

We must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.*; *Woodruff v. Wright*, 51 S.W.3d 727 (Tex. App.—Texarkana 2001, pet. denied). A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant presents more than a scintilla of probative evidence on each element of his or her claim. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.). In a summary judgment hearing, the trial court's decision is based on written pleadings and written evidence rather than live testimony. *See* TEX. R. CIV. P. 166a(c).

In our review, we consider all the summary judgment evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

In this case, Shamis filed a no-evidence motion for summary judgment arguing that, although an adequate time to conduct discovery had elapsed, Pandozy had no evidence of specified elements of his claims of Deceptive Trade Practices Act violations, no evidence of specific elements of his claim of fraud, and no evidence to support his equitable claim for "money had and received." Pandozy did not file a response.

In the absence of a response and summary judgment evidence, Pandozy has not presented evidence raising a genuine issue of material fact on the challenged elements as required by TEX. R. CIV. P. 166a(i). Accordingly, the court did not err by granting Shamis' no-evidence motion for summary judgment.

### 3. Did the court abuse its discretion by denying a continuance?

Pandozy also argues that, despite his lack of a response, we should reverse because the trial court did not grant his motion for continuance. Pandozy (while represented by counsel) filed suit in August 2005. Counsel filed a first amended original petition February 27, 2006. At Pandozy's request (and for reasons made clear hereafter), that counsel withdrew January 10, 2007. On February 1, 2007, Pandozy retained another attorney, who never entered an appearance in the case, and withdrew from representation and refunded Pandozy's retainer March 1, 2007. Counsel warned Pandozy that his response to the motion for summary judgment was due March 8, and warned him about the likely result should he fail to immediately obtain counsel and file a response.

5

Pandozy (pro se) filed a motion for continuance to allow him additional time to find another attorney. Shamis filed a response, pointing out that the motion had been on file, and they had attempted delivery, on January 22, 2007, and that the plaintiffs had declined to claim the envelope—which was returned to counsel. On February 13, Shamis sent a letter notifying the plaintiffs of the date of the summary judgment hearing, which letter was not returned. On March 2, Pandozy filed a motion for continuance claiming that he had not had time to find a suitable attorney. It appears that, at that time, Shamis was unaware of the second attorney, who had been hired and withdrawn before Shamis' response was filed.

At the March 15 hearing on continuance and summary judgment, attorney Ernesto Sigmon entered an appearance as counsel for Pandozy. The court reviewed the case file, noting that it had been litigated for a year and a half and that discovery had been conducted. Sigmon noted that Pandozy had come to his office the day before and given him the file, and argued that he was seeking

a continuance so he could prepare the case. Counsel for Shamis responded by suggesting that due diligence in seeking counsel was not waiting until the day before the hearing to find an attorney.[4]

As the hearing progressed, Shamis' counsel informed the court that Pandozy, on March 2, had informed counsel that Pandozy would be representing himself in the hearing. It was also pointed out that a motion for sanctions for filing a frivolous lawsuit was before the court. The court then addressed Sigmon as follows:

> THE COURT: -- I'm going to provide you some information that you may or may not have, and then I'm going to give you a choice.
>
> MR. SIGMON: And then give me what?
>
> THE COURT: A choice.
>
> MR. SIGMON: Okay. Options are good, Judge.
>
> THE COURT: At least according to the records produced by a very cursory computer search, Dr. Pandozy appears to have been a plaintiff in at least nine different lawsuits in the district courts of Dallas County since 1998 or 1999. And that is not counting several in which he has been a defendant.

---

[4]In describing a deposition of Pandozy, counsel stated as follows:

> Let me provide just a little bit of background on that December 20th deposition of Dr. Pandozy, which I think was about two and a half hours in before it was suspended. In that deposition, Dr. Pandozy admitted to the filing of false verification of his discovery responses. He blamed that on his attorneys, at which point his attorney declared a conflict of interest. At that point a verbal shouting match ensued with Dr. Pandozy accusing his attorney of legal malpractice.
>
> Since that time it's been almost three months. And Dr. Pandozy, as I said previously, has represented at times that he would be representing himself in this matter.

He appears to be a serial litigant. And if this case continues, I intend to research the history of these cases and determine whether there are grounds for him to be declared a vexatious litigant.

MR. SIGMON: For the record, Your Honor, I was not aware of that.

THE COURT: I thought you might not be.

If you wish to maintain your appearance as Dr. Pandozy's counsel and continue to assert his Motion for Continuance, I will continue the hearing on the summary judgment motion for 30 days.

However, should I then grant the Motion for Summary Judgment, I have every intention of granting sanctions. And if for whatever reason there is any part of this case that goes to trial, you, sir, will not be granted a withdrawal.

Now, you may want a few minutes to consult with Dr. Pandozy, and I will -- if you choose to allow me to go forward with the summary judgment, then this case will be concluded, and there will be no cost or sanctions awarded against Dr. Pandozy, and I will permit you to withdraw your appearance.

If you choose to continue, I will allow you an opportunity to respond to the Motion for Summary Judgment. But be on fair warning --

MR. SIGMON: Understood.

THE COURT: -- that this appears to be more likely than not a frivolous lawsuit. And that if you choose to attach yourself to it, you should be prepared for any consequences that may ensue.

MR. SIGMON: I appreciate the warning and also the additional information, Judge.

THE COURT: All right.

MR. SIGMON: And if I may take just a few minutes to confer?

. . . .

MR. SIGMON: Judge, I have had the opportunity to confer with Dr. Pandozy, and I am electing to exercise my professional judgment and to formally withdraw as counsel.

8

In *Villegas v. Carter*, 711 S.W.2d 624 (Tex. 1986), the Texas Supreme Court reiterated that the granting or denial of a motion for continuance is within the sound discretion of the trial court. *Id.* at 626. The court further stated that, when withdrawal of counsel is the ground for continuance, the movant must show that failure to be represented by counsel at trial was not due to his own fault or negligence. In *Villegas*, the movant's attorney withdrew two days prior to trial and refused to turn over to the movant files relating to his defense. The trial court refused to grant a continuance. Under these circumstances, the Texas Supreme Court held that the movant was not at fault or negligent in failing to be represented at trial. The court concluded that the trial court had abused its discretion in denying the continuance. *Id.*; *see Wilborn v. GE Marquette Med. Sys., Inc.*, 163 S.W.3d 264, 269 (Tex. App.—El Paso 2005, pet. denied).

A motion for continuance shall not be granted except for "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. Generally, when a movant fails to comply with these requirements, we presume the trial court did not abuse its discretion in denying the motion. *Wilborn*, 163 S.W.3d at 267. However, when the ground for continuance is the withdrawal of counsel, the movants must show that the failure to be represented at trial was not due to their own fault or negligence. *Villegas*, 711 S.W.2d at 626; *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984). The presumption that the trial court acted within its sound discretion does not apply to lay movants whose attorney withdraws without fault of the clients. *See Villegas*, 711 S.W.2d at 626.

9

Pandozy filed pro se a three-page motion for continuance. He complained, essentially, that he had insufficient time despite his due diligence to obtain replacement counsel. He also blamed the loss of his second attorney (Rance Bryson) on Shamis' attorney's unwillingness to agree to a continuance. Pandozy then went on to castigate his first attorney, who he stated was "most insecure and incompetent about the core of this case" and accused opposing counsel of unethical behavior and legal incompetence. He attached copies of the order allowing his first attorney to withdraw, the retainer agreement with his second attorney, and the letter from that attorney returning his money. Even that letter, however, does not support Pandozy's motion.

> As I stated to you yesterday, I would have prepared a Response to Defendant's Motion for Summary Judgment and filed it in a timely manner given that you signed a fee contract with the firm on February 1, 2007. However, it is my understanding that you do not want the firm to represent you or The Dallas Texas Rose Garden, Inc., and have requested return of the file. Accordingly we will not be filing a Response on your behalf.

Counsel advised that the response was due seven days later, and strongly suggested that Pandozy immediately retain counsel to file a response.

Generally, the court should grant a continuance if a party has no attorney through no fault of their own. *See Crank*, 666 S.W.2d at 94. *Compare St. Gelais v. Jackson*, 769 S.W.2d 249, 254 (Tex. App.—Houston [14th Dist.] 1988, no writ) (denial of continuance not abuse of discretion when withdrawal party's fault). Pandozy insists he is not to blame for his attorneys' withdrawals, but we are not convinced. The evidence before the court indicated that Pandozy accused his first attorney of incompetence and instructed his second attorney to return his file. Pandozy did not obtain his

10

third attorney until the day before the scheduled hearing. We cannot say that no fault can be attributed to Pandozy concerning his failure to have legal representation at the hearing. *See In re A.R.*, 236 S.W.3d 460, 476 (Tex. App.—Dallas 2007, no pet.).

The information provided to the trial court thus provides support for the presumption that the trial court did not abuse its discretion by denying the continuance—and nothing suggests that other action might have been appropriate.

Further, we note that the motion for continuance did not contain any affidavits supporting the basis for a continuance of the hearings as required by Rule 251 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 251. Accordingly, after examining the record, we hold that the trial court did not clearly abuse its discretion when it denied Pandozy's motion for continuance. We therefore overrule the issue.

**4.      Sanctions**

As part of her appellee's brief, Shamis has also requested that this Court find the appeal to be frivolous, and to award the "just damages" authorized by Rule 45 of the Texas Rules of Appellate Procedure.

Rule 45 provides that we may, upon determining that an appeal is frivolous, award each prevailing party just damages, based on the record, briefs, or other papers filed and before us. *See* TEX. R. APP. P. 45. After considering the request, we decline to impose sanctions.

11

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:    October 24, 2007
Date Decided:     April 30, 2008