IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00013-CV

 

Donald Ray McCray,

                                                                                    Appellant

 v.

 

Stephen W. Allee, et al,

                                                                                    Appellee

 

 

 



From the 12th District Court

Walker County, Texas

Trial Court No. 23,242

 



MEMORANDUM  Opinion



 

Donald McCray, a pro se prison inmate, sued three Texas Department
of Criminal Justice employees for “racism” (in that they allegedly kept his
cell block too cold) and for allegedly destroying some of his personal property
after he had complained that his cell block was too cold and had climbed up
fire escapes to see if their doors were leaking in cold air.  McCray originally
filed suit in Travis County as a declaratory judgment action, but upon the
defendants’ filing of a motion to transfer venue and their answer, the case was
transferred to Walker County.

After a June 12, 2006 hearing, the trial court entered a June 15
order declaring McCray to be a vexatious litigant
and requiring that he post security in the amount of $500 by December 12, 2006,
failing which his case would be dismissed.  See generally Tex. Civ. Prac. & Rem.
Code Ann. §§ 11.001-.055 (Vernon 2002).  McCray did not post the
security, and his case was dismissed by operation of the June 15 order.  We
dismissed McCray’s previous appeal of the June 15 order—he had appealed it
before the dismissal—because it was a non-appealable interlocutory order that
we did not have jurisdiction of.  See McCray v. Allee, No.
10-06-00243-CV, 2006 WL 3028142 (Tex. App.—Waco Oct. 25, 2006, pet. dism’d w.o.j.).

McCray appeals again, asserting in two issues that
the trial court erred in granting the State’s motion for continuance of a
scheduled hearing and erred in not granting him a default judgment.  McCray’s
brief does not identify the entry of the vexatious litigant order as an issue,
nor is it discussed in his brief.

We review a trial court’s ruling on a motion for
continuance for abuse of discretion.  Villegas v. Carter, 711 S.W.2d
624, 626 (Tex. 1986).  It appears from the record that several of McCray’s
motions were set for hearing on April 10, 2006.  The defendants filed a motion
for continuance because their counsel was scheduled to be out of the state for
a family obligation.  The trial court reset the hearing for June 12.  In doing
so, the trial court did not abuse its discretion.  We overrule the first issue.

McCray next asserts that the trial court erred in
not granting him a default judgment.  The defendants were served on July 7,
2005, and their motion to transfer venue containing their answer was filed on
July 15, 2005.  Having timely answered, the defendants were not in default. 
The trial court did not err.  We overrule McCray’s second issue.

Having overruled McCray’s issues, we affirm the
trial court’s dismissal order.

 

 

BILL VANCE

Justice

 

 

 

Before Chief Justice
Gray,

            Justice Vance,
and

            Justice Reyna

Affirmed

Opinion delivered and
filed July 30, 2008

[CV06]