**Opinion issued June 27, 2019.**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-18-00704-CV

_____

### IN THE INTEREST OF V.I.P., A CHILD

On Appeal from the 245th District Court
Harris County, Texas
Trial Court Case No. 2008-24403

## MEMORANDUM OPINION

Mother is appealing an order modifying the parent-child relationship. In a single issue, Mother argues that the trial court abused its discretion by denying her motion for continuance due to absence of counsel. Finding no reversible error, we affirm the trial court's order.

## Background

Mother and Father, who were divorced in 2011, were appointed as joint managing conservators for their daughter, V.I.P. In December 2016, Mother filed a petition to modify the divorce decree in which she sought to change the pick-up and drop-off point and increase the amount of child support Father was required to pay. The case was set for trial on August 14, 2017. Father filed a counter-petition to modify on August 25, 2017, in which he asked the court to appoint him as V.I.P.'s joint managing conservator with the exclusive right to designate her primary residence.

On November 3, 2017, the trial court granted Mother's counsel's motion to withdraw. The order states that it was an "agreed motion" and that Mother consented to the motion. The trial court reset trial for January 22, 2018. The parties later agreed to reset the trial date to March 5, 2018.

According to Father, Mother filed a motion for continuance on February 19, 2018, but she did not serve the unverified motion on Father's counsel or set the motion for a hearing. Father also acknowledges that Mother orally requested a continuance when the parties appeared for trial on March 5, 2018. The docket sheet reflects the trial court denied a motion for continuance on March 5, 2018, and ordered the case to be

set during the court's two-week docket. The March 5th proceeding, however, was not transcribed, and no motion for continuance is included in the clerk's record.[1]

On March 8, 2018, Mother filed a statement of inability to afford payment of court costs. She attached a letter from Lone Star Legal Aid, dated January 24, 2018, declining to represent her and advising her that they would not be attending her trial in March.

The case was tried to the bench on March 20, 2018. Mother, who appeared pro se, did not request a continuance or challenge the trial court's decision to allow her prior counsel to withdraw in November. At one point during trial, Mother stated: "I'm not an attorney, and I'm trying to represent myself the best I can because I was not—I didn't have the means to hire an attorney." The trial court responded:

> Ma'am, you had an attorney, and then they withdrew. I don't know why —it was an agreed withdraw . . . . He withdrew in November. It is now mid-March. So the idea that you were unable to obtain counsel is somewhat suspect. I did see that you went to Legal Aid, and I don't know because I'm not familiar with that. You filed an affidavit of indigency under oath, saying that effectively you do not have the means to hire a lawyer; but you have told me that effectively all of your bills are paid for by your husband.

After both sides rested, the trial court recessed the trial and took the matter under advisement.

---

[1] It is not clear from the record whether the court was ruling on the written motion for continuance that Mother allegedly filed, or the oral motion for continuance that Mother allegedly raised during the proceeding, or both.

Mother retained counsel who made an appearance on March 26, 2018. On April 4, 2018, the trial court held a hearing on Father's motion to present additional evidence. Mother's attorney was present.

On May 30, 2018, the trial court signed an order naming Father as V.I.P.'s joint managing conservator with the exclusive right to designate her primary residence, awarding Mother visitation, and ordering Mother to pay child support to Father. The trial court also ordered Mother to pay $22,900 in attorney's fees and costs to Father's attorney.[2]

Mother filed a timely motion for new trial which was overruled by operation of law.

## Motion for Continuance

In a single issue, Mother argues that the trial court abused its discretion by denying her motion for continuance and that the trial court's denial of her motion effectively denied her right to counsel.

### A. Standard of Review and Applicable Law

We review a trial court's order denying a motion for continuance for an abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Harrison v. Harrison*, 367 S.W.3d 822, 826–27 (Tex. App.—Houston [14th

---

[2] Other than arguing that the trial court's order should be reversed in its entirety and the matter remanded for new trial, Mother is not challenging the award of attorney's fees.

Dist.] 2012, pet. denied). A trial court abuses its discretion when it acts unreasonably or in an arbitrary manner without reference to guiding rules or principles. *See In re Marriage of Harrison*, 557 S.W.3d 99, 112 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *Harrison*, 367 S.W.3d at 826–27 (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002)). A trial court does not abuse its discretion, however, when some evidence reasonably supports its decision. *See In re Marriage of Harrison*, 557 S.W.3d at 112 (citing *Butnaru*, 84 S.W.3d at 211).

The record reflects that Mother agreed to the motion for withdrawal and she had over four months to retain new counsel after the trial court granted the motion on November 3, 2017. Mother made one documented attempt to secure counsel (Lone Star Legal Aid) and she knew the organization would not represent her in late January, almost two months before trial. Although she filed a statement of indigency on March 8, 2018, the trial record reflects that the trial court was skeptical of Mother's claim that she could not afford to hire counsel because she had retained an attorney initially, and she admitted that her husband supported her financially. Furthermore, Mother did appear with counsel at subsequent hearings before the court. We cannot say that the trial court abused its discretion by denying Mother's motion for continuance after giving her four months to find another lawyer. *See Gillie v. Boulas*, 65 S.W.3d 219, 223 (Tex. App.—Dallas 2001, pet. denied) (holding trial court did not abuse its discretion by denying motion for continuance based on

5

lack of counsel when party had been given almost four months to retain new counsel prior to trial). We further hold that the trial court's denial of the motion did not deprive Mother of her right to counsel. *See id.* at 223 (holding four months was sufficient time to obtain new counsel and prepare for trial and that party who did not retain counsel during that period "was *not* deprived of his right to be represented by counsel; he simply failed to secure representation within the time provided by the trial court"). Mother directs our attention to *Villegas*, to support her position, but two days is not four months. *Cf. Villegas v. Carter*, 711 S.W.2d 624, 626–27 (Tex. 1986) (stating that "[t]he right to counsel is a valuable right; its unwarranted denial is reversible error," and holding trial court should have either denied counsel's motion to withdraw two days before trial or granted party's motion for continuance to give "time to secure new counsel and time for the new counsel to investigate the case and prepare for trial").

We overrule Mother's sole issue.

## Conclusion

We affirm the trial court's order.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

6