

# COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
### EL PASO, TEXAS

| | | |
|---|---|---|
| MARGARET ELIZABETH WESTON, | § | No. 08-23-00235-CV |
| Appellant, | § | Appeal from |
| v. | § | Probate Court No. 1 |
| JONATHAN BALLENGER CLUCK, Independent Executor of the Estate of MARGARET BALLENGER CLUCK, Deceased, | § | of Bexar County, Texas |
| | § | (TC# 2023PC00681) |
| Appellee. | § | |
| | § | |

## SUBSTITUTED MEMORANDUM OPINION

Appellant's Motion for Rehearing is hereby denied. The opinion and judgment issued on April 22, 2024 is withdrawn, and the following is the substituted opinion of this Court.

Appellant Margaret Elizabeth Weston challenges the probate court's order appointing her brother, Appellee Jonathan Ballenger Cluck, as executor of their mother's estate and admitting her will to probate. For the following reasons, we affirm.

1

## BACKGROUND

After Margaret Ballenger Cluck died in February 2023, Mr. Cluck filed an application for probate of her will and requested letters testamentary in Bexar County probate court.[1] Ms. Cluck's will appointed her son to serve as a co-executor of her estate, and the other named co-executor declined to serve. The application represented that Mr. Cluck was not disqualified from serving as executor or from accepting letters testamentary, and it attached Ms. Cluck's will and its self-proving affidavit.

Soon after, Ms. Weston filed an opposition to Mr. Cluck's application, contending Mr. Cluck was disqualified from being appointed executor and receiving letters testamentary under the Estates Code. *See* Tex. Est. Code Ann. § 304.003(a)(5). She stated that the will proffered by Mr. Cluck "needs to be verified as authentic and that no others are unaccounted for," noting that even if the will is admitted, she "reserves her right to challenge it including for undue influence or revocation." She also requested a jury trial to determine "disputed material facts" regarding whether Mr. Cluck was disqualified to serve as the independent executor of Ms. Cluck's estate and "whether the Will produced is valid." Finally, she requested a finding that the estate needs to be administered and included her counterapplication for letters of administration.

Several hearings occurred before the application to admit the will to probate. On April 11, 2023, the probate court considered Mr. Cluck's motion for sanctions and to enforce the order designating him as the person who had the authority to control the disposition of his mother's remains. He filed that motion after Ms. Weston opposed cremation and requested to perform an autopsy but failed to take steps to accomplish one in the timeframe the parties agreed to. The court

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

first considered Lamar Treadwell's motion to withdraw as Ms. Weston's attorney, which he filed after she "terminated [his] representation." Ms. Weston confirmed at the hearing that she fired Treadwell, then requested a continuance because she "just . . . lost [her] attorney." The probate court thoroughly and repeatedly admonished Ms. Weston of the consequences of proceeding without her attorney, including that her request for a continuance would not be granted given Mr. Cluck's opposition and the time-sensitive nature of the issues.[2] And the court postponed ruling on the withdrawal motion so Ms. Weston could continue to confer and seek advice or representation from Treadwell throughout the hearing if she so chose. The hearing concluded with the court setting a final deadline for the autopsy and urging Ms. Weston to hire a lawyer.

On April 25, the parties convened for a status conference. The court first discharged Treadwell, as Ms. Weston's newly hired attorney, Kevin Sralla, was present. After discussing the autopsy and cremation, the parties turned to setting a date for Mr. Cluck's application to probate the will. Sralla confirmed that "[t]here's not a competing will offered yet," though he requested time for discovery "to flush that out." Counsel for both parties then agreed to a setting before the probate court judge on May 19 to admit the offered will to probate.

On May 16, Sralla moved for leave to withdraw as Ms. Weston's attorney based on his inability to "effectively communicate" with Ms. Weston, as well as their "fundamental disagreement" about the direction of his representation. After Ms. Weston received Sralla's motion to withdraw, she sent him an email terminating his services. Acting pro se, Ms. Weston filed a motion for a continuance just before the May 19 hearing so that she could "have the opportunity to retain Board Certified Counsel in this matter."

---

[2] While the parties disputed when and whether an autopsy would occur, Ms. Cluck's body remained at the funeral home for months after her death.

At the May 19 hearing, Mr. Cluck objected to the continuance based on a lack of notice. The probate court again thoroughly warned Ms. Weston about the consequences of proceeding pro se and suggested at least keeping Sralla as her attorney through the hearing, but she insisted that "Mr. Sralla is fired." The court thus granted Sralla's withdrawal in accordance with the termination of services, excused Sralla from the hearing, and denied Ms. Weston's motion for continuance.

Next, the court granted Mr. Cluck's pending "motion in limine," without opposition, ruling that Ms. Weston could not put on evidence at the hearing because she failed to respond to four different discovery requests or provide any disclosures. Mr. Cluck then proved up Ms. Cluck's will, and after cross-examination and presentation of argument by Ms. Weston (still acting pro se), the probate court admitted the will to probate and appointed Mr. Cluck as its independent executor to serve without bond. The court noted Ms. Weston is "not an heir," nor is she "an individual who would rely, pursuant to the Will, on [Mr. Cluck's] deeds as the Executor." It also stated no "other Will been produced, nor is there any evidence of another Will in existence before this Court."

Ms. Weston filed a motion for new trial on June 19, which was overruled by operation of law. She then appealed. *See Estate of Allen*, 658 S.W.3d 772, 776 n.6 (Tex. App.—El Paso 2022, no pet.) ("A probate court order determining who may serve as an independent executor is appealable because it finally adjudicates a substantial right of the parties in an estate proceeding.").

## DISCUSSION

Ms. Weston raises four issues on appeal. She contends the probate court abused its discretion by: (1) permitting Sralla to withdraw at the May 19 hearing; (2) denying her motion for continuance to allow her time to find another attorney; (3) not holding a jury trial; and (4) granting the motion in limine. Because the first two issues involve related discretionary judgments, we consider them together.

4

**A. The probate court did not abuse its discretion in permitting Sralla to withdraw or by denying Ms. Weston's motion for continuance.**

Ms. Weston contends the probate court erred by granting Sralla's withdrawal and denying her motion for continuance based on lack of counsel. Specifically, she argues the court failed to confirm Sralla complied with the rules of professional responsibility regarding termination of representation before granting his withdrawal.

We review the granting of a motion to withdraw as counsel for abuse of discretion. *Harrison v. Harrison*, 367 S.W.3d 822, 826 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Texas Rule of Civil Procedure 253 provides:

> [A]bsence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record.

The decision to grant or deny a motion for continuance lies within the trial court's sound discretion, and we will not disturb that decision unless the record shows a clear abuse of that discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). When a party seeks a continuance based on withdrawal of counsel, "movants must show that the failure to be represented at trial was not due to their own fault or negligence." *Id.* "[W]hether the denial of a continuance is so arbitrary as to violate due process depends on the circumstances in each case." *State v. Crank*, 666 S.W.2d 91, 95 (Tex. 1984). And in situations involving a trial judge's discretion, the judge may consider the entire procedural history of the case.[3] *Wilborn v. Life Ambulance Servs., Inc.*, 163 S.W.3d 271, 275 (Tex. App.—El Paso 2005, pet. denied).

---

[3] We previously granted Mr. Cluck's motion for leave to supplement the record with reporter's records from the April 11 and April 25 hearings and invited the parties to submit letter briefs regarding the relevance of those materials. Because the probate judge could consider the entire procedural history of the case in exercising his discretion, these records are relevant to our consideration of this case.

A review of the reporter's records in this case shows that the probate court did not abuse its discretion in permitting Sralla's withdrawal and denying Ms. Weston's motion for continuance. Despite the probate judge's thorough admonishments about the consequences of representing herself, Ms. Weston insisted that she wanted to fire Sralla immediately.[4] In response to Ms. Weston's request that she have access to her case file, Sralla stated he emailed various pleadings to her but did not have the entire case file with him at the moment.

Ms. Weston failed to establish that her lack of representation at the May 19 hearing was not due to her own fault. *Villegas*, 711 S.W.2d at 626. Indeed, the probate judge noted that Ms. Weston's practice of firing her attorney, then attempting to secure a continuance at the May 19 hearing was the same method she attempted at the April 11 hearing. Noting that Ms. Weston's request for her case file at the hearing "could be used as a subterfuge each time at the midnight hour," the probate judge granted Sralla's withdrawal based on his termination.[5]

Given the circumstances presented and the procedural history of the case, we conclude the court did not err in permitting Sralla's withdrawal based on his termination and denying Ms. Weston's motion for continuance based on absence of counsel. *Id.*; Tex. R. Civ. P. 253.

We overrule Issues One and Two.

**B.    The probate court did not abuse its discretion by declining to conduct a jury trial.**

Next, Ms. Weston contends the probate court abused its discretion by failing to hold a jury trial on the "material fact issues" in Mr. Cluck's application for admission of the will to probate and appointment of himself as executor, pointing to her request for a jury trial in her opposition to

---

[4] Though Ms. Weston asserts that she fired Sralla "for cause," this distinction is immaterial given the record.

[5] That is, the probate judge granted Sralla's withdrawal based on Ms. Weston's termination of his services, not for any other voluntary withdrawal reason.

the same. We review the denial of a jury demand for abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

Ms. Weston's relevant pleading on file was her opposition to Mr. Cluck's application for admission of the will to probate, in which she requested a jury trial under Texas Estates Code § 301.101. But at the April 25 status conference, Sralla (while still representing Ms. Weston) did not counter Mr. Cluck's attorney's representation of the case as "not a Will Contest," and instead "a challenge to the suitability of [Mr. Cluck] to be appointed as the Independent Executor." Sralla agreed that "[t]here's not a competing Will offered yet" and requested time for discovery. Then, Sralla consented to a setting before the judge to probate the will, agreeing that "30 minutes is reasonable" and coordinating with court staff on scheduling. The right to a jury trial may be waived or withdrawn by agreeing to a bench trial. *In re Montelongo*, 586 S.W.3d 513, 518 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). By agreeing to a bench setting, Ms. Weston withdrew her prior request for a jury trial for this hearing.[6]

Even if Ms. Weston had properly perfected her right to a jury trial,[7] she has not preserved her complaint on this issue for appellate review because she failed to object on the record when the probate court proceeded without a jury. Tex. R. App. P. 33.1; *Estate of Brown*, No. 01-19-00953-CV, 2022 WL 17813757, at *9 (Tex. App.—Houston [1st Dist.] Dec. 20, 2022, pet. filed) (mem. op.); *see Matter of Ruff Mgmt. Tr.*, No. 05-19-01505-CV, 2020 WL 7065829, at *5 (Tex. App.—Dallas Dec. 3, 2020, no pet.) (mem. op.) (finding waiver of jury demand in trust modification hearing). Instead, she participated without objecting or otherwise indicating that she

---

[6] To be clear, this has no bearing on Ms. Weston's right to request a jury trial for any will contest she has the right to bring, as applicable, within the limitations period. *See* Tex. Est. Code Ann. § 256.204.

[7] We note that Mr. Cluck challenged whether Ms. Weston identified a disputed material fact issue that could be tried by a jury at this stage and whether she paid the jury fee. However, because we conclude that Ms. Weston withdrew her request for a jury trial at this stage, we do not reach these issues.

planned to stand on her jury demand. To the extent Weston properly invoked her right to a jury trial at this stage, she waived it by failing to object when the probate court proceeded with a bench trial. *Estate of Brown*, 2022 WL 17813757, at \*9; *In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Accordingly, the probate court did not abuse its discretion in relying on that withdrawal and proceeding with a bench trial for the May 19 hearing.

We overrule Issue Three.

### C. The probate court did not abuse its discretion in its evidentiary rulings.

Finally, Ms. Weston contends the probate court abused its discretion by granting Mr. Cluck's motion in limine. She argues the probate court erroneously denied her a hearing on the motion, treated the motion in limine as a motion to exclude evidence, and prohibited her from offering evidence at the May 19 hearing. We review a trial court's evidentiary rulings for abuse of discretion. *U-Haul Int'l., Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012).

A review of the record makes clear that the probate court did not abuse its discretion. The Texas Rules of Civil Procedure provide trial courts with the authority to prohibit parties who fail to comply with discovery requests from introducing evidence that was not timely disclosed. *See, e.g.*, Tex. R. Civ. P. 193.6(a) ("A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed . . . ."); 215.2(b)(4) ("If a party . . . fails to comply with proper discovery requests . . . the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, . . . [including] an order . . . prohibiting [the noncomplying party] from introducing designated matters in evidence[.]").

Here, Mr. Cluck served Ms. Weston with interrogatories and requests for production on April 10, and a second request for production on April 18. He sought discovery in part based on

8

Ms. Weston's claims regarding undue influence, lack of testamentary capacity, and Mr. Cluck's purported unsuitability to serve as executor. Ms. Weston did not respond to these requests, nor did she make the requisite initial disclosures. So Mr. Cluck filed a "motion in limine" to exclude any evidence that would have been responsive to these requests.

At the May 19 hearing, Mr. Cluck's attorney noted that Ms. Weston had not filed any opposition to the motion in limine and accordingly requested that the court prohibit her from introducing evidence based on her failure to respond to discovery. When granting the motion in limine, the court confirmed that Ms. Weston would not be permitted to "produce any evidence in opposition, as she has not followed the appropriate Rules of Procedure"; however, it would still "let her make argument." Then, when Ms. Weston attempted to introduce evidence at the hearing, Mr. Cluck's attorney objected based on that ruling (and on other evidentiary objections, such as hearsay).[8] For example, Ms. Weston attempted to introduce an affidavit, which she tendered to Mr. Cluck's attorney, who objected to its admission based on the court's ruling on the motion in limine, hearsay, and relevance. The trial court then sustained Mr. Cluck's attorney's objections. Thus, the record does not support Ms. Weston's argument on appeal that the probate court prohibited her from attempting to introduce evidence at the hearing. Ms. Weston has failed to establish that the probate court abused its discretion in its evidentiary rulings.

We overrule Issue Four.

## CONCLUSION

For the above reasons, we affirm the probate court's order.

---

[8] Ms. Weston attempted to introduce three affidavits by individuals who were specifically covered by Mr. Cluck's discovery requests.

LISA J. SOTO, Justice

June 12, 2024

Before Alley, C.J., Palafox and Soto, JJ.