**Affirmed and Memorandum Opinion filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00267-CV

### ROBERT DEAN BETTS, JR., Appellant

### V.

### LOVER BETTS, Appellee

**On Appeal from the 387th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 08-DCV-162978**

# M E M O R A N D U M   O P I N I O N

In this divorce proceeding, appellant Robert Dean Betts Jr. challenges the trial court's enforcement of a binding mediated settlement agreement and the denial of his oral motion for continuance made at a summary-judgment hearing on the day before trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Robert and Lover Betts had no children together, but when Lover instituted divorce proceedings, her two adult daughters Shirley Favors and Sheila Compton Swirczynski claimed that some of the property to be divided in the divorce was their

separate property. Two months before trial, the trial court allowed Robert's attorney to withdraw, and between that date and the institution of this appeal, no attorney entered an appearance in the trial court on Robert's behalf. Five days before trial, Robert, Lover, and Lover's daughters entered into a binding mediated settlement agreement concerning the majority of the disputed property. On the line for the signature of Robert's attorney are the handwritten words, "Tony Duckett for Don Hecker."

On December 14, 2010, the day before the trial of the case was scheduled to begin, the parties appeared at a hearing on a motion for no-evidence summary judgment to which Robert had filed no response. Robert appeared and asked for a 90-day continuance of the hearing and the trial so he could, as he said, "get a lawyer. Because no lawyer wants to come and touch it because they have to have some time to work this out . . . ." The trial court asked if he had read the summary-judgment motion, and Robert replied that he had not, and again said, "I didn't have a lawyer." The trial court stated, "Sir, last week I explained that to you. . . . If nothing else, you could have gone and talked with somebody. . . . But also, you didn't respond at all to [the] motion." Robert replied, "The lawyer did not - - like I say, the lawyer did not - - he said he is needing a continuance because he is doing another case and he wanted to ask for a continuance . . . ."

The trial court denied Robert's oral motion, and pointed out that no written motion for continuance had been filed;[1] no attorney had entered an appearance on Robert's behalf; and Robert had filed no response at all to the summary-judgment motion. The case was tried as scheduled and the trial court awarded the property in accordance with the mediated settlement agreement.[2]

## II. ANALYSIS

In three appellate issues, Robert asks us to reverse the judgment because (a) the

---

[1] The trial court said, "[Y]ou can file the motion. It's got to be in writing. You can do what you need to do . . . ."

[2] The property that was not addressed in that agreement consisted of one piece of real property that the trial court awarded to Lover and one vehicle that was awarded to Robert.

trial court abused its discretion by entering judgment based on the binding mediated settlement agreement, which was not in strict compliance with section 6.602 of the Texas Family Code; (b) he timely revoked his consent to the binding mediated settlement agreement; and (c) the trial court abused its discretion in failing to grant his oral motion for continuance.

## A. The binding mediated settlement agreement complied with statutory requirements.

The agreement in this case is governed by section 6.602 of the Texas Family Code, which provides in pertinent part as follows:

> (a) On the written agreement of the parties or on the court's own motion, the court may refer a suit for dissolution of a marriage to mediation.
>
> (b) A mediated settlement agreement is binding on the parties if the agreement:
>
>> (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;
>>
>> (2) is signed by each party to the agreement; and
>>
>> (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.
>
> (c) If a mediated settlement agreement meets the requirements of this section, a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

TEX. FAM. CODE ANN. § 6.602 (West 2006). Whether a mediated settlement agreement complies with statutory requirements is a question of law, which we review de novo. *Mueller v. Mueller*, No. 01-11-00247-CV, 2012 WL 682285, at *2 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, pet. filed).

Robert contends that the agreement was not "signed" by his adult stepdaughters, because they only "initialed" the attachment to the agreement. He did not raise this complaint in the trial court, and on appeal, he cites no authority for his assumption that a

3

party cannot sign an agreement using only her initials. *See* TEX. R. APP. P. 33.1(a)(1) (appellate complaints must be preserved in the trial court by a timely request, objection or motion and an express or implied ruling); TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Moreover, the assumption is contrary to Texas law. As the Court of Criminal Appeals has explained,

> One "signs" a document when he writes or marks something on it in token of his intention to be bound by its contents. In the case of an ordinary person a signature is commonly performed by subscribing his name to the document—but any mark is sufficient if it shows an intention to be bound by the document.

*Delespine v. State*, 396 S.W.2d 133, 136 (Tex. Crim. App. 1965). *See also Bustillos v. State*, 152 Tex. Crim. 275, 282, 213 S.W.2d 837, 841 (1948) ("'To sign an instrument or document is to make any mark upon it in token of knowledge, approval, acceptance, or obligation. The signature is the sign thus made.'" (quoting *In re Walker's Estate*, 110 Cal. 387, 393, 42 P. 815, 816 (1895))). In the same case quoted by the Court of Criminal Appeals, the court stated, "A mark being sufficient, of course the initials of the testator's name would also suffice." *In re Walker's Estate*, 110 Cal. at 392, 42 P. at 816. *See also* TEX. BUS. ORGS. CODE ANN. § 1.002(82) (West 2011) ("'Signature' means any symbol executed or adopted by a person with present intention to authenticate a writing."); WEBSTER'S NEW WORLD COLLEGE DICTIONARY 1248 (3d ed. 1996) (defining "signature" to include "a person's name written by that person; also, a representation of this in a mark, stamp, deputy's handwriting, etc. . . . ; an identifying characteristic or mark").

We conclude that that agreement complies with section 6.602 of the Texas Family Code even though Robert's stepdaughters signed the agreement with their respective initials.[3] We accordingly overrule Robert's first issue.

---

[3] It is undisputed that the agreement complies with the remaining statutory requirements.

4

**B.** **Robert could not unilaterally withdraw his consent to the binding mediated settlement agreement.**

Robert next contends that he timely revoked his consent to the agreement because, before judgment was rendered, he told the trial court, "I should not have signed that . . . ." and "I'm going to guess when we went to mediation, and I signed these papers, they did not tell me everything about what - - why I waived my rights to these other properties . . . ."

A party to a settlement agreement generally may revoke his consent before the court renders judgment on the agreement. *Milner v. Milner*, 361 S.W.3d 615, 618 n.2 (Tex. 2012). But, "[m]ediated settlement agreements that comply with Texas Family Code § 6.602 are an exception to this general rule." *Id.* They cannot be unilaterally revoked. *Id.* at 618.[4]

Because the agreement met the statutory requirements of section 6.602, Robert could not effectively revoke his consent to the executed agreement on the ground that, although represented by counsel at the mediation, he did not understand the agreement's effect. *See Mullins v. Mullins*, 202 S.W.3d 869, 876 (Tex. App.—Dallas 2006, pet. denied). We therefore overrule Robert's second issue.

**C.** **The trial court did not abuse its discretion in failing to continue the hearing or the trial.**

On appeal, Robert asserts that on the day he made his oral motion for continuance, he was represented by trial counsel, and he argues that the trial court erred in denying his request for a continuance based on his trial counsel's alleged scheduling conflict.[5]

The granting or denial of a motion for continuance is within the trial court's sound

---

[4] *Cf. id.* at 619 (noting that several appellate courts, including this court, have "conclude[d] that the statute does not require the enforcement of a [mediated settlement agreement] that is illegal in nature or procured by fraud, duress, coercion, or other dishonest means"). Because there was no claim of fraud or dishonesty, the court left the applicability of those defenses to another case, and Robert does not appeal the judgment on such grounds.

[5] On appeal, he does not address his representations to the trial court that he needed time "to get a lawyer."

discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626–27 (Tex. 1986). Generally, a continuance will not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. When the motion is not supported by an affidavit, the reviewing court usually will presume that the trial court did not abuse its discretion in denying the motion. *Villegas*, 711 S.W.2d at 626. Absence of counsel is not good cause for a continuance "except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judgment to be stated on the record." TEX. R. CIV. P. 253.

Here, the trial court was asked to grant a last-minute, oral motion for continuance based only on a litigant's unsworn statement that an unidentified lawyer had an unspecified scheduling conflict. We have held that a trial court did not abuse its discretion in denying a written motion for continuance that was filed further in advance of trial, signed by an attorney who had entered an appearance in the case, supported by an affidavit, and that identified specific conflicting trial settings. *See In re K.A.R.*, 171 S.W.3d 705, 710–11 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that trial court did not abuse its discretion in denying a motion for continuance based on an affidavit identifying specific conflicting trial settings where the motion was filed three days before trial and there was no evidence that the attorney was actually in trial in another case when the case under review was called to trial). Our precedent dictates a similar result here.

We accordingly conclude that the trial court did not abuse its discretion in denying Robert's motion for a continuance, and we overrule his third issue.

6

### III. CONCLUSION

Having overruled each of the issues presented, we affirm the trial court's judgment.


/s/    Tracy Christopher
Justice


Panel consists of Justices Boyce, Christopher, and Jamison.