

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00080-CV

IN THE INTEREST OF T.C. AND J.C., CHILDREN
_____

No. 07-18-00081-CV

IN THE INTEREST OF T.C., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 88,731-E & 89,364-E; Honorable Carry Baker, Presiding

August 23, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, S.C., appeals from the trial court's separate orders terminating her parental rights to her children T.C., J.C., and T.C.[1] The children's father also appealed the termination of his parental rights but because of conflicting issues on appeal, his appeals were severed and assigned new appellate cause numbers of 07-18-00232-CV, styled *In the Interest of T.C. and J.C., Children*, and 07-18-00233-CV, styled *In the*

---

[1] To protect the privacy of the parents, the children, and other parties, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002 (West Supp. 2017). *See also* TEX. R. APP. P. 9.8(b).

*Interest of T.C., a Child. See In the Interest of T.C.*, Nos. 07-18-00080-CV, 07-18-00081-CV, 2018 Tex. App. LEXIS 4442, at *1 (Tex. App.—Amarillo June 12, 2018, order). By two issues, S.C. contends (1) the trial court abused its discretion in denying her motion for continuance which resulted in a denial of her due process rights and (2) the evidence is legally and factually insufficient to support the trial court's best interest findings. We affirm.

BACKGROUND

S.C. has a history of drug abuse dating back to 2006. In November 2015, when S.C. had only two children, her daughter, J.C., tested positive for cocaine at birth and the Texas Department of Family and Protective Services opened a family-based investigation. Pursuant to a safety plan signed by the children's maternal grandmother, T.H., and the children's father, arrangements were made for the children to live with the maternal grandmother. The plan required for S.C. to be supervised by either T.H. or the children's father when S.C. was around the children.

On October 31, 2016, just weeks after S.C. gave birth to her third child, the Department received a report of neglectful supervision by S.C. concerning all three children. It was reported that S.C. had been seen selling crack cocaine from her car at night while all three children were with her. The following day, S.C. entered an inpatient treatment facility in Lubbock.

The Department's investigator requested drug testing for all parties. The children tested positive for very high levels of cocaine from exposure. The grandmother could not explain why they tested positive while living with her but S.C. later admitted to the

investigator that she had been smoking crack cocaine around the children "a lot."[2]  Test results on the maternal grandmother revealed morphine and codeine in her system but she later provided prescriptions for those drugs.  The children's father refused to submit to a drug test at that time.  Based on the drug screen results and no other placement options, the children were removed from the grandmother's home and placed in foster care on November 16, 2016.[3]

The Department opened a separate investigation on the newborn child and on November 16, 2016, it filed its original petition seeking termination of both parents' rights as to all three children.  At a bench trial, in which S.C. did not testify regarding the merits of the Department's petition, the evidence established that S.C. was not able to remain drug-free despite numerous attempts at rehabilitation.  She continued to relapse even after the trial court granted an extension on the case to give her another opportunity to remain sober.

The evidence established that the children have made significant developmental progress both physically and emotionally since being placed with a foster family.  Their foster parents seek to adopt them.  The trial court determined that S.C.'s continued drug use, failure to complete her services, and the children's need for permanency compelled termination of her parental rights.

---

[2] The children's positive drug tests resulted in S.C. being convicted of two counts of endangering a child for which she was placed on five years community supervision in September 2017.

[3] No other relatives were willing to take the three children and the maternal grandmother was denied approval after a home study.  The reasons given were her medications, use of oxygen and smoking in the home by another resident, a chemical smell in the home that she attributed to cleaning products, and her finances.

The trial court signed termination orders based on the following statutory grounds set forth in section 161.001(b)(1) of the Family Code:  (D) (knowingly placed or allowed the children to remain in conditions or surroundings which endangered their well-being), (E) (engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their well-being), (L)(x) (convicted or placed on community supervision or deferred adjudication community supervision for death or serious injury of a child under section 22.041 of the Penal Code (abandoning or endangering a child)), (O) (failed to comply with a court order that established the actions necessary for the parent to obtain the return of the children following their removal under chapter 262 of the Family Code), (P) (used a controlled substance in a manner that endangered the health and safety of the children), and (R) (caused a child to be born addicted to alcohol or a controlled substance).  TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (L)(x), (O), (P), and (R) (West Supp. 2017).[4]  The trial court also found that termination of S.C.'s parental rights was in the children's best interests.  § 161.001(b)(2).

S.C. does not challenge any of the statutory grounds found by the trial court under section 161.001(b)(1).  She does, however, maintain (1) the trial court abused its discretion in denying her motion for continuance which violated her due process rights and (2) the evidence is legally and factually insufficient to support the trial court's finding that termination of her parental rights was in her children's best interests.

---

[4] All further references to "section" or "§" are to the Texas Family Code unless otherwise designated.

APPLICABLE LAW

The Texas Family Code permits a court to terminate the relationship between a parent and a child if the Department establishes (1) one or more acts or omissions enumerated under section 161.001(b)(1) of the Code and (2) that termination of that relationship is in the best interest of the child. *See* § 161.001(b)(1), (2); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is by clear and convincing evidence. § 161.206(a) (West 2014). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014).

STANDARD OF REVIEW

The natural right existing between parents and their children is of constitutional magnitude. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly construed in favor of the parent. *In the Interest of E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In the Interest of C.H.*, 89 S.W.3d 17, 26 (Tex. 2002). The Due Process Clause of the United States Constitution and section 161.001 of the Texas Family Code require application of the heightened standard of clear and convincing evidence in cases involving involuntary termination of parental rights. *See In the Interest of E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In the Interest of J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).

In a legal sufficiency challenge, we credit evidence that supports the verdict if reasonable jurors could have done so and disregard contrary evidence unless reasonable jurors could not have done so. *In re K.M.L.*, 443 S.W.3d 101, 112-13 (Tex. 2014). However, the reviewing court should not disregard undisputed facts that do not support the verdict to determine whether there is clear and convincing evidence. *Id.* at 113. In cases requiring clear and convincing evidence, even evidence that does more than raise surmise and suspicion will not suffice unless that evidence is capable of producing a firm belief or conviction that the allegation is true. *Id.* If, after conducting a legal sufficiency review, a court determines that no reasonable fact finder could form a firm belief or conviction that the matter that must be proven is true, then the evidence is legally insufficient. *Id.* (citing *In the Interest of J.F.C.*, 96 S.W.3d at 266).

In a factual sufficiency review, a court of appeals must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing. *In the Interest of J.F.C.*, 96 S.W.3d at 266 (citing *In the Interest of C.H.*, 89 S.W.3d at 25). We must determine whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *In the Interest of J.F.C.*, 96 S.W.3d at 266. We consider whether disputed evidence is such that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.*

6

ISSUE ONE—MOTION FOR CONTINUANCE

S.C. contends the trial court abused its discretion and violated her due process rights in denying her motion for continuance. We disagree.

A motion for continuance shall not be granted except for sufficient good cause supported by an affidavit, consent of the parties, or by operation of law. TEX. R. CIV. P. 251. A trial court's ruling on a motion for continuance will not be disturbed unless the trial court clearly abused its discretion. *BMC Software Belg.*, *N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)). A trial court abuses its discretion when its ruling is so arbitrary or unreasonable and without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). There is no abuse of discretion when the trial court denies a motion for continuance that does not conform to the rules. *See In re Uvalle*, 102 S.W.3d 337, 341 (Tex. App.—Amarillo 2003, no pet.) (finding no abuse of discretion where motion did not conform to rule because it was not supported by an affidavit).

At commencement of the final hearing on February 13, 2018, the trial court heard argument on S.C.'s written motion for continuance that had been filed the previous day "to see if [S.C.] could get a handle on some of the concerns that the Department [had]." The motion was not supported by affidavit. S.C. testified that she had a psychiatric appointment scheduled on the day before the hearing but it was rescheduled because her psychiatrist was out sick. She also had an appointment on the day of the hearing with the community supervision department hoping to be accepted into a drug court program. She sought a continuance to have more time to resolve her addiction to cocaine and complete her services.

7

Expressing the need for permanency for the children, the Department opposed the motion due to the already extended duration of the case—fourteen months from the date the original petition was filed with a scheduled dismissal date of May 18, 2018. The Department also stressed that S.C. had over two years since inception of the initial investigation in November 2015, to achieve and maintain sobriety but always relapsed. The children's attorney ad litem was not in favor of a continuance given S.C.'s continued pattern of drug use with only a few months of sobriety in between periods of drug use. The trial court denied the motion for continuance and the final hearing proceeded.

Here, for the first time, S.C. argues that the trial court's ruling on her motion for continuance was a denial of her due process rights because it effectively denied her two additional months to complete her services. She contends the filing of a written motion and her counsel's request for a continuance at the final hearing preserved her due process complaint. We disagree. She did not raise a due process complaint in the trial court. Such a constitutional claim cannot be raised for the first time on appeal. *See Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001). Preservation rules must be adhered to even in a termination case. *See In the Interest of L.M.I.*, 119 S.W.3d 707, 711-12 (Tex. 2003) (finding that alleged due process violation in how a signature was obtained on an affidavit of relinquishment was not preserved because it was not raised in the trial court).

Moreover, the denial of a motion for continuance when there is a pattern of failing to complete services due to the parent's own choices does not constitute an abuse of discretion. *See In re M.D.W.*, No. 02-13-00013-CV, 2013 Tex. App. LEXIS 7956, at *10 (Tex. App.—Fort Worth June 27, 2013, pet. denied) (mem. op.); *In the Interest of H.R.*,

87 S.W.3d 691, 701 (Tex. App.—San Antonio 2002, no pet.). S.C. failed to maintain a drug-free lifestyle by repeated relapses since the Department became involved in November 2015. She did not demonstrate sufficient cause for the trial court to grant a continuance. Her due process claim, although not preserved for review, does not override her children's best interests or need for permanency. Additionally, her motion for continuance was not in compliance with Rule 251 of the Texas Rules of Civil Procedure. The trial court did not abuse its discretion in denying S.C.'s motion for continuance. Issue one is overruled.

ISSUE TWO—BEST INTEREST FINDING

S.C. contends the trial court's best interest findings are not supported by the evidence. We disagree.

The Department was required to prove by clear and convincing evidence that termination of S.C.'s parental rights was in her children's best interests. § 161.001(b)(2); *In re K.M.L.*, 443 S.W.3d at 116. Only if no reasonable fact finder could have formed a firm belief or conviction that termination of her parental rights was in her children's best interests can we conclude the evidence is legally insufficient. *Id.* (citing *In the Interest of J.F.C.*, 96 S.W.3d at 266).

There is a strong presumption that the best interest of the child will be served by preserving the parent-child relationship. *In the Interest of R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). Prompt and permanent placement of the child in a safe environment is also presumed to be in the child's best interest. *See* § 263.307(a) (West Supp. 2017). Section 263.307(b) of the Family Code provides a non-exhaustive list of factors to consider in determining whether the parent is willing and able to provide the child with a safe

9

environment. One of those factors relevant to these appeals is whether the child's family has a history of substance abuse. § 263.307(b)(8).

Additionally, the Supreme Court has set out other factors to consider when determining the best interest of a child. *See Holley*, 544 S.W.2d at 371-72. Those factors include (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individual seeking custody; (5) the programs available to assist the individual to promote the best interest of the child; (6) the plans for the child by the individual or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The absence of evidence of one or more of these factors does not preclude a fact finder from reasonably forming a strong conviction or belief that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d at 27.

Evidence that supports one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In the Interest of C.H.*, 89 S.W.3d at 28. *See also In the Interest of E.C.R.*, 402 S.W.3d 239, 249-50 (Tex. 2013). The best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as direct evidence. *See In re N.R.T.*, 338 S.W.3d 667, 677 (Tex. App.—Amarillo 2011, no pet.). Additionally, a child's need for permanence through the establishment of a "stable, permanent home" has been recognized as the paramount consideration in determining best interest. *See In the Interest of K.C.*, 219 S.W.3d 924, 931 (Tex. App.—Dallas 2007, no pet.).

It is undisputed that S.C. has a history of drug abuse and despite numerous programs and attempts at rehabilitation, she has failed to remain drug-free. During the more than two-year period of the Department's involvement, she failed to submit a clean hair follicle test. A cheek swab test by her community supervision officer also showed positive results for cocaine. S.C. always admitted her relapses, including smoking crack cocaine around her children to a degree that showed extremely high levels of cocaine in them.

S.C. has a stable home with the children's father but does not have stable employment. Most of the time, she remained at home as the primary caregiver while the children's father worked. She completed most of her services but struggled to remain sober and follow through with programs such as AA/NA.

S.C. failed to challenge any of the statutory grounds for termination which is a tacit concession that the evidence is sufficient to support those grounds. Evidence that supports one or more statutory grounds for termination may also constitute evidence that termination is in the children's best interests.

The children are too young to express their desires. The testimony did show that the parents and children share a loving and appropriate relationship and that the children's father provides for them. However, the evidence also showed that the children are thriving with their foster parents. They have taken advantage of programs to assist the children with emotional and developmental progress. The children trust their foster parents and feel comfortable with them. The foster parents seek to adopt all three children.

S.C.'s mother testified that it would not be in the children's best interests to terminate her daughter's parental rights. She testified that S.C. and the children's father are good and loving parents and provide a good home for them. She testified she could help with the children but was reminded that while the two older children were in her care, she failed to supervise S.C.'s visitations with them, as required by the safety plan, and they tested positive for high levels of cocaine. Those positive drug tests resulted in removal of the children from her home and a conviction for S.C. of two counts of endangering a child. The children's need for prompt and permanent placement in a safe environment is of paramount consideration. Based on the record before us, we conclude there was clear and convincing evidence to support the trial court's findings that termination of S.C.'s parental rights to all three of her children is in their best interests. Issue two is overruled.

CONCLUSION

The trial court's orders terminating S.C.'s parental rights to her children T.C., J.C., and T.C. are affirmed.


Patrick A. Pirtle
Justice