11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Roy
Day, Jr.

Appellant

Vs.                   No. 11-03-00086-CV -- Appeal from Knox County

Knox
County Appraisal District

Appellee

 

Roy Day, Jr. appeals the trial court=s award of excess proceeds to the Knox
County Appraisal District from the sheriff=s
sale of two properties.  We affirm.

The district court entered a judgment in favor of
the Knox County Appraisal District against Roy Day, Jr. and others for
delinquent taxes due on three properties. 
That judgment, which ordered foreclosure of the tax liens on the three
properties, was appealed by Roy Day, Jr. 
In an unpublished opinion, this court affirmed the trial court=s judgment.  Roy Day, Jr., individually and d/b/a D-Bar
Oil Company v. Knox County Appraisal District, No. 11-00-00073-CV, 2000 WL
34234266 (Tex.App. Eastland August 31, 2000, no pet=n)(not
designated for publication).

Two of the properties were sold at a sheriff=s sale after this court=s decision became final; however, the
third property was sold at a later time. 
The sale proceeds from the two properties were applied to the delinquent
taxes due on the two properties as stated in the judgment and to taxes,
penalties, and interest that had become due or delinquent on those properties
subsequent to the date of the judgment. 
After satisfaction of the amounts due on the two properties, there
remained excess proceeds of $13,922.11 which were deposited into the registry
of the court.  The record reflects that
at some point the third property was sold; however, the sale proceeds were
inadequate to pay the taxes, penalties, and interest due on the third property.








The Knox County Appraisal District subsequently
filed a petition to claim the excess proceeds and to have them applied to the
remaining judgment deficiency.  At the
hearing, the Knox County Tax Assessor/Collector testified that the amount of
delinquent taxes, penalties, and interest remaining to be paid on the third
property was $18,382.41.  The trial court
ruled that the excess proceeds of $13,922.11, plus any interest earned since
the deposit of that amount into the registry of the court, should be applied
against the delinquent taxes, penalties, and interest still due on the third
property under the original judgment.

In two issues, appellant complains that the trial
court erred in not granting him a continuance and in applying the excess
proceeds from the sale of the two properties against the amounts due on the
third property.  We will first deal with
the trial court=s ruling
on the excess proceeds.

Claims for excess proceeds are governed by TEX.
TAX CODE ANN. ' 34.04
(Vernon Supp. 2004).  Section 34.04(c)
provides:

(c) At the hearing the court shall order that the
proceeds be paid according to the following priorities to each party that
establishes its claim to the proceeds:

 

(1) to the tax sale purchaser if the tax sale has
been adjudged to be void...;

 

(2) to a taxing unit for any taxes, penalties, or
interest that have become due or delinquent on the subject property subsequent
to the date of the judgment or that were omitted from the judgment by accident
or mistake;

 

(3) to any other lienholder...;

 

(4) to a taxing unit for any unpaid taxes,
penalties, interest, or other amounts adjudged due under the judgment that were
not satisfied from the proceeds from the tax sale; and 

 

(5) to each former owner of the property, as
the interest of each 

may appear.[1]

 








The trial court did not err in ruling that the
excess proceeds of $13,922.11 should be applied to the remaining judgment
deficiency.  If the meaning of the
statutory language is unambiguous, we adopt the interpretation supported by the
plain meaning of the provision=s
words and terms.  Fitzgerald v.
Advanced Spine Fixation Systems, Inc., 996 S.W.2d 864, 865 (Tex.1999).  The language of Section 34.04(c) is
unambiguous.  Proceeds from the sale of
the two properties were correctly applied first to the amounts due on those properties
in accordance with Section 34.04(c)(2). 
Section 34.04(c)(3) was not applicable. 
Therefore, the court turned to the next priority. Section 34.04(c)(4)
states that excess proceeds shall be paid to a taxing unit for Aany unpaid taxes, penalties, interest,
or other amounts adjudged due under the judgment that were not satisfied from
the proceeds from the tax sale.@  This fourth priority encompasses all monies
still owed under a judgment.  Sale
proceeds in excess of the taxes, penalties, and interest due on one property
may be applied to the deficiencies remaining on other properties included in
the same judgment.  Nipper-Bertram
Trust v. Aldine Independent School District, 76 S.W.3d 788 (Tex.App. -
Houston [14th Dist.] 2002, pet=n
den=d). 
Appellant=s second
issue is overruled.

In his first issue, appellant contends that the
trial court erred in not granting his request for a continuance.  At the beginning of the hearing, appellant
verbally requested a continuance stating that he had just had emergency surgery
and that he was taking Astrong
medicine.@  The trial court denied his request.

The trial court=s
docket sheet indicates that the court had granted appellant=s two previous motions for
continuance.  TEX.R.CIV.P. 251 provides
that a continuance shall not be granted Aexcept
for sufficient cause supported by affidavit, or by consent of the parties, or
by operation of law.@  Appellant did not file a motion for
continuance supported by an affidavit that showed good cause.  Therefore, we must presume that the trial
court did not abuse its discretion in denying appellant=s
motion.  Villegas v. Carter, 711
S.W.2d 624, 626 (Tex.1986).  Moreover,
appellant has not demonstrated how he was harmed by the denial of his motion
for continuance.  The only issue before
the court below was a legal one: whether the excess proceeds from the sale of
the two properties should be applied to the remaining judgment deficiency
relating to the third property. 
Appellant=s first
issue is overruled.

The order of the trial court is affirmed.

 

TERRY McCALL

September
9, 2004                                                                               JUSTICE

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and McCall, J.











[1]The only change by the Legislature to Section 34.04(c)
after the original judgment was the addition of the phrase Aas the interest of each may appear@ in subparagraph (5). 
The current language of subparagraphs (2) and (4) is the same as it was
at the time of the hearing in this case.