

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00001-CV

**IN THE INTEREST OF E.L.M.M.**, et al., Children

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-01857
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Jason K. Pulliam, Justice

Delivered and Filed:  April 15, 2015

AFFIRMED

E.R.M. ("Mother") appeals the trial court's order terminating her parental rights to her eight children, arguing that the trial court erred in overruling her oral motion for continuance and in finding that termination of the parent-child relationship was in the children's best interest. We affirm the trial court's order.

### BACKGROUND

Due to allegations of neglectful supervision and physical neglect, the Texas Department of Family Services filed an Original Petition in Suit Affecting Parent-Child Relationship on July 31, 2013. The matter was called to trial on December 11, 2014. On the day of trial, Mother met her attorney in presiding court. At that time, her attorney informed her that the State would be filing a motion to revoke Mother's probation. The attorney had to leave, and when he returned, Mother

was gone. After unsuccessfully attempting to contact her by telephone, counsel announced "not ready" at trial. The trial court overruled the "not-ready" announcement, stating that Mother "has voluntarily absent[ed] herself from the Court." At the conclusion of the trial, the trial court found by clear and convincing evidence that Mother failed to complete the court-ordered family service plan and that termination of the parent-child relationship between Mother and the children was in the children's best interest, thus terminating Mother's parental rights. Mother timely appealed.

## DISCUSSION

Mother first argues that the trial court erred in denying her oral motion for continuance because the mandatory dismissal date under section 263.401[1] was not until two months after trial, and therefore there was sufficient time for the trial court to reset the matter and give Mother additional time to work out the issues related to the potential arrest warrant and to continue to finish the tasks and goals of the service plan. *See* TEX. FAM. CODE. ANN. § 263.401 (West 2014). Mother explains that she did not have sufficient time to consult with her attorney about the motion to revoke and the arrest warrant and how it could affect the trial regarding her parental rights. Further, Mother argues that she needed time to consult with a criminal defense attorney on the allegations contained in the motion to revoke. Mother contends that there was no information presented to the trial court indicating that a reset would be detrimental to the best interest of the children, and also notes that all past resets had been granted due to her attorney's personal and family problems.

In a termination of parental rights case, we review the trial court's denial of a motion for continuance for an abuse of discretion. *See* TEX. R. CIV. P. 251; *In re E.L.T.*, 93 S.W.3d 372, 374 (Tex. App.—Houston [14th Dist.] 2002, no pet.). An appellate court will sustain the trial court's

---

[1] Trial was conducted on December 11, 2014; the dismissal date was previously extended by the trial court to February 20, 2015.

determination absent a finding that "the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

A motion for continuance shall not be granted except for sufficient cause supported by an affidavit, consent of the parties, or by operation of law. TEX. R. CIV. P. 251. If a motion for continuance is not made in writing and verified, it will be presumed that the trial court did not abuse its discretion in denying the motion. *In re E.L.T.*, 93 S.W.3d at 375 (holding that because appellant in termination of parental rights case did not comply with Rule 251, the trial court did not abuse its discretion by denying her motion for continuance). Here, the record does not contain a written motion or affidavit. Because Mother did not comply with Rule 251, we cannot conclude that the trial court abused its discretion in denying the oral motion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *In re K.M.*, No. 2-01-349-CV, 2003 WL 2006583, at *2-3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.) (holding trial court did not err in denying oral motion for continuance even though appellant failed to appear for final termination hearing because motion did not comply with requirements of Rule 251). Accordingly, we overrule Mother's first issue.

In her second and third issues, Mother argues that the trial court's finding that termination is in the best interest of the children is legally and factually insufficient. To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(1), (2) (West 2014); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of

the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W .3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id*. "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id*.

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, a court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

Mother does not challenge the sufficiency of the evidence to support the predicate finding, which was that she failed to substantially complete her court-ordered family service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(O). Instead, she challenges only the trial court's best interest finding. She contends that although she did not start on the family service plan right away because she was busy caring for her sick mother, she has since worked on both the conditions of her probation and her family service plan, which included drug counseling and parenting classes.

In reviewing the sufficiency of the evidence to support the best interest finding, we apply the factors set out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child;

(3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody for the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

The record reflects that the children were originally removed from the home after police responded to an assault family violence call. The home was infested with insects, roaches, and lice, and smelled of animal feces and urine. Mother later took the children to a motel, and left them there while she went grocery shopping, resulting in her arrest and conviction for child abandonment. The children were reported to have scabies and severe lice. The Department caseworker testified that she prepared a family service plan for Mother, the key goals of which included complying with her probation, participating in parenting visits, showing that she could financially support herself, and completion of domestic violence and anger management courses. Mother made many excuses for why she could not complete her services. Mother was inconsistent in visiting her children; she was either late or missed a lot of visits. A few months prior to trial, Mother was alleged to have committed an assault causing bodily injury against her ex-boyfriend's girlfriend. Because of the assault, the State filed a motion to revoke Mother's probation. The caseworker testified that the fact the assault occurred after Mother completed anger management classes meant that she was not able to apply the lessons she learned in those classes. Further, if Mother's probation were to be revoked, she would face up to five years' imprisonment.

The Department caseworker testified that adoption was planned for all of the children. The youngest child is currently living with a foster family who can provide her with a drug-free and domestic-violence-free home. The next four youngest children have been in the care of their paternal grandparents for the entirety of the case, and they are well bonded with their grandparents. The three oldest children reside at St. Jude's [ranch for children] and their great-grandmother has expressed an interest in adopting them.

The caseworker stated that it was in the children's best interest to terminate the parent-child relationship because the children were in need of permanency. The family had been referred to the Department eleven times. The caseworker stated that Mother downplays a lot of the Department's concerns, and denied that her children were infected with lice and scabies at the time of removal. Mother also failed to exercise all of her visitation. During visits, Mother did not seem to focus on the children, but rather, on what information she could gain from them. The caseworker did not believe that Mother understood the reasons her children were removed or how to provide a stable home for her children.

The children's attorney ad litem agreed that termination was in the best interest of the children and testified that although Mother has tried to get her life together and give the appropriate attention to her children, she has failed "miserably." The trial court also considered the CASA volunteer's report which recommended termination of Mother's parental rights based on her inability to complete the family service plan. Mother's recent arrest for assault was also a concern. The report noted that Mother does not have a job, is not paying child support, and recently lost her housing. Mother's "'Psychological' revealed that she is still a safety risk and not emotionally stable for reunification."

Considering this evidence as applied to the various *Holley* factors, we conclude the trial court could have formed a firm belief or conviction that it was in the children's best interest that

Mother's parental rights be terminated. *See In re J.F.C.*, 96 S.W.3d at 266; *In re C.H.*, 89 S.W.3d at 25. The trial court, as factfinder, heard evidence that Mother was unable to meet the emotional and physical needs of her children, that she lacked the ability to provide them with a stable home, and that she failed to fully engage in the programs provided by the Department to regain custody of her children. Mother's complaints related to the best interest finding are therefore overruled.

CONCLUSION

The order of the trial court is affirmed.

Rebeca C. Martinez, Justice