

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-18-00340-CV
_____

**IN THE INTEREST OF J.L.T., JR. AND R.N., CHILDREN**

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2017-526,321; Honorable Les Hatch, Presiding

December 28, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, K.C., appeals from two separate orders terminating her parental rights to her children, J.L.T. and R.N.[1] By a sole issue, she contends the trial court abused its discretion in denying her motion for continuance. We affirm.

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018). *See also* TEX. R. APP. P. 9.8(b). R.N.'s father's parental rights were also terminated but he did not appeal. J.L.T.'s father's parental rights were not terminated and he was named J.L.T.'s managing conservator.

BACKGROUND

K.C. has three children. Her oldest daughter turned eighteen shortly after the final hearing and is not a party to this appeal. Her two youngest children, who have different biological fathers, are the subjects of this appeal.

In May 2017, the Texas Department of Family and Protective Services removed K.C.'s children from the home due to K.C.'s methamphetamine use. The Department implemented family service plans for the parents with a goal of reunification. After more than a year, J.L.T.'s father, who was actively working on his services, was granted a continuance to progress with his services.[2]

On the day of the final hearing, K.C. filed a written motion for continuance acknowledging J.L.T.'s father's continuance and urging the court to grant her a continuance as well on the ground that "separate settings would not only inconvenience the parties, counsel, and potential witnesses, but it also would be a waste of the Court's valuable time and resources." The motion was not supported by affidavit.

During the hearing, K.C.'s counsel argued that K.C. should be granted a continuance and given the same opportunity to continue working her services as was given to J.L.T.'s father. The Department objected to K.C.'s motion for continuance. The trial court called all parties to his chambers for an off-the-record conference and then announced it was denying K.C.'s motion for continuance.

---

[2] At the Department's request, the trial court ordered the proceedings involving J.L.T. and his biological father severed from the termination proceedings against K.C.

Following the conference and its ruling, the trial court announced that all parties had reached an agreement on K.C.'s oldest child, who would soon be eighteen years old, and then proceeded with the final hearing to determine whether to terminate K.C.'s parental rights to her two remaining children. The Department's caseworker testified that K.C. had not complied with the trial court's *Order for Actions Necessary For Return of Child(ren)*. The order was introduced into evidence without objection. Testimony was also presented that termination of K.C.'s parental rights was in her children's best interests. The trial court signed an order terminating K.C.'s parental rights to J.L.T. and R.N. based on section 161.001(b)(1)(O) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O), (b)(2) (West Supp. 2018).

K.C. does not challenge the sole ground for termination of her parental rights. Neither does she contest the trial court's finding that termination of her parental rights was in her children's best interests. Instead, her sole issue focuses on the trial court's denial of her motion for continuance being an abuse of discretion because J.L.T.'s father was granted a continuance to continue working his services.

APPLICABLE LAW

The Texas Family Code permits a court to terminate the relationship between a parent and a child if the Department establishes (1) one or more acts or omissions enumerated under section 161.001(b)(1) of the Code and (2) that termination of that relationship is in the best interest of the child. *See* § 161.001(b)(1), (2); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is by clear and convincing evidence. § 161.206(a) (West 2014). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or

3

conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014).

STANDARD OF REVIEW

The natural right existing between parents and their children is of constitutional magnitude. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly construed in favor of the parent. *In the Interest of E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In the Interest of C.H.*, 89 S.W.3d 17, 26 (Tex. 2002). The Due Process Clause of the United States Constitution and section 161.001 of the Texas Family Code require application of the heightened standard of clear and convincing evidence in cases involving involuntary termination of parental rights. *See In the Interest of E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In the Interest of J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).

Because K.C. does not challenge the sole ground for termination of her parental rights or the trial court's finding that termination of her parental rights was in her children's best interests, we find the order of termination to be supported by the evidence. What we must decide by this appeal, however, is whether the trial court otherwise erred in failing to grant K.C. a continuance.

MOTION FOR CONTINUANCE

A motion for continuance shall not be granted except for sufficient good cause supported by an affidavit, consent of the parties, or by operation of law. TEX. R. CIV. P. 251. A trial court's ruling on a motion for continuance will not be disturbed unless the trial court clearly abused its discretion. *BMC Software Belg.*, *N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)). A trial court abuses its discretion when its ruling is so arbitrary or unreasonable and without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In her brief, K.C. acknowledges that not all parties agreed to her motion for continuance and that her motion was not verified. She contends the trial court provided no guiding rules or principles in granting J.L.T.'s father's motion for continuance while denying hers.

Although the record is silent as to what transpired in the trial court's chambers prior to its denial of K.C.'s motion for continuance, the evidence reflects through the caseworker's testimony that K.C. was inconsistent in fulfilling her services and lacked the level of participation that J.L.T.'s father had put into his services. Notwithstanding the trial court's lack of explanation in denying K.C.'s motion, a trial court does not abuse its discretion in denying a motion for continuance that does not conform to the rules. *See In re Uvalle*, 102 S.W.3d 337, 341 (Tex. App.—Amarillo 2003, no pet.) (finding no abuse of discretion where motion did not conform to Rule 251 because it was not supported by an affidavit). When a motion for continuance is not verified, we presume the trial court properly exercised its discretion. *See In the Interest of T.H.*, 04-17-00761-CV, 2018 Tex.

5

App. LEXIS 2896, at *18 (Tex. App.—San Antonio April 25, 2018, no pet.) (mem. op.).

K.C. has not shown an abuse of discretion by the trial court and consequently, her sole issue is overruled.

CONCLUSION

The trial court's orders terminating K.C.'s parental rights to J.L.T. and R.N. are affirmed.

Patrick A. Pirtle
Justice