# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00327-CV

**J. G., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-20-005673, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

J.G. (Father) appeals from the trial court's decree terminating his parental rights to his two children, Pedro and Ilana.[1] *See* Tex. Fam. Code. § 161.001(b). Father challenges the trial court's denial of his motion for continuance and its in-chambers, non-transcribed interview of Pedro. For the following reasons, we affirm the trial court's termination decree.

## EVIDENTIARY AND PROCEDURAL SUMMARY

On October 14, 2020, the Texas Department of Family and Protective Services filed its "Original Petition in a Suit Affecting the Parent-Child Relationship—Termination Petition And / Or Managing Conservatorship." In the affidavit supporting its request for an ex parte order appointing it as the children's temporary managing conservator (TMC), the Department alleged that the children had been living with their maternal great-aunt, who was no

---

[1] For the children's privacy, we will refer to them by aliases and to their family members by their relationships to them or by aliases. *See* Tex. R. App. P. 9.8.

longer able to care for them; that no parent was able to pick up the children or agree to a placement; that Father was suspected of using illegal drugs, including methamphetamine, and neglectfully supervising the children, including leaving them unattended; and that the children's residence was in poor condition without working electricity and was known for drug activity.[2] When the suit was filed, the children were fourteen and nine. The trial court issued a fourteen-day ex parte and show-cause order that same day, appointing the Department as the children's TMC, and later extended the ex parte order by the parties' agreement until November 18, when the first contested adversary hearing occurred. At the hearing, the Department abandoned its request to be appointed TMC, the TMC order expired on its own terms, and the trial court signed an order under Section 264.203 of the Family Code, containing the requisite findings and settings for a case brought pursuant to Chapter 264 of the Family Code (a court-ordered services (COS) case) and ordering Father to complete specified services and requirements such as drug testing, therapy, and a psychological examination. *See id.* §§ 264.201–.207. The children were placed with a paternal aunt, and Father was permitted unsupervised visitation. The trial court signed an "Order Appointing Parent Attorney" for Father on November 23, 2020, and the same date signed orders appointing an attorney ad litem and guardian ad litem for the children.

On January 4, 2021, the trial court conducted a hearing, and on January 19 signed an order requiring Father to continue to participate in his court-ordered services and assigning all managing-conservator rights and duties to him. On March 12, after a review hearing, the trial court ordered Father's continued participation in services provided by the Department. However, on March 24, 2021, the Department filed an affidavit in support of extraordinary relief asking the court to remove the children from Father's custody and again appoint the Department

---

[2] The children's mother passed away in 2017.

2

as TMC, alleging that Father had recently tested positive for methamphetamine on a hair-strand test and had not complied with prior drug-testing requirements. On April 12, the court conducted an adversary hearing at which it appointed the Department as TMC of Pedro and Ilana. It issued a scheduling order, setting various hearings and identifying the dismissal date under Family Code Section 263.401(a) as October 18, 2021. *See id.* § 263.401 (providing for automatic dismissal of termination suit if trial court has not commenced trial on merits or granted 180-day extension by first Monday after first anniversary of "the date the court rendered a temporary order appointing the [D]epartment as temporary managing conservator").

The court conducted a status hearing on May 25, 2021, and the status-hearing order signed after that hearing identified the dismissal date as April 18, 2022. In its August 31, 2021 "Order Granting Extension of Dismissal Date," the trial court set jury and non-jury dates for final trial on the merits and "extended" the dismissal date to the same date previously identified in the May 25 order as the dismissal date: April 18, 2022. The order recites that at a recent hearing "an extension came on for consideration," but the record contains no extension request by any party.

On September 28, 2021, the Department served all parties with a "Notice of Setting" for trial on the merits, which included two non-jury dates—March 21 and April 4, 2022—and two jury dates—March 28 and April 11, 2022. On December 22, 2021, the trial court signed a "Permanency Hearing Order before Final Hearing," again identifying the dismissal date as April 18, 2022, noting the same four trial settings set out in the Department's "Notice of Setting," and setting the next permanency hearing for April 12, 2022.

On March 18, 2022, Father's counsel filed a motion for withdrawal and substitution of counsel, which set forth the same four previously noticed jury and non-jury trial

3

settings, and which the trial court granted that same day. On March 28, Father's new counsel filed on his behalf an original answer and counter-petition. The pleading did not contain a jury demand. On April 7, 2022, the Department served all parties with another Notice of Setting for trial on the merits, including one jury date (April 11, 2022) and one non-jury date (April 18, 2022). On April 14, Father's attorney filed a motion for continuance, reciting that the case was set for a non-jury trial on April 18, that the dismissal date was April 18, and that Father "believed that a jury demand had been filed in this case" and informed his new counsel of such belief on April 14. In the motion, Father requested a continuance so that his new counsel could "become more familiar with the facts and history of the case" and so that "a jury demand can be filed and a jury of his peers can be convened." No jury demand appears in the clerk's record.

On April 18, the day of the bench trial, Pedro's attorney ad litem filed a motion for the court to confer with the child, reciting that "parental rights and possession / access to the child in this case is contested" and that Pedro was fifteen. The motion requested that the attorney ad litem be present at the interview but made no mention of a record being made. At the beginning of trial, the court addressed both the ad litem's motion and Father's motion for a continuance, granting the ad litem's motion and denying Father's. After the two-day bench trial, the court rendered judgment terminating Father's parental rights to both children. *See id.* § 161.001(b)(1)(D), (E), (O), (b)(2). After timely requesting findings of fact and conclusions of law, Father perfected this appeal.

## DISCUSSION

### *Motion for continuance*

In his first issue, Father contends that by "miscalculating the dismissal deadline," the trial court wrongly denied him his "right to a jury trial." He argues that the trial court

4

conflated the dismissal deadlines in the COS case and the termination case and thus concluded that it could not extend the dismissal deadline to accommodate his motion for continuance. *See id.* § 263.401(b) (permitting trial court to extend automatic dismissal date prescribed in Subsection (a) for up to 180 days if it finds that "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the [D]epartment" and that such appointment is in child's best interest). He explains that, while the trial court's August 31, 2021 order purported to "extend" the dismissal deadline to April 18, 2022, such date did not constitute an extension but merely the ordinary automatic dismissal date under Subsection (a) of Section 263.401 because the April 12, 2021 order appointing the Department as the children's TMC was the operative order, not the previous order appointing the Department as TMC that expired on November 18, 2020, by operation of law. However, we need not determine which order appointing the Department as TMC was the operative one for purposes of calculating the automatic dismissal date and any potential extension because, as explained below, we conclude that regardless of the dismissal date the trial court did not abuse its discretion in denying Father's motion for continuance. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (noting that appellate courts review ruling on motion for continuance for abuse of discretion); *R.J.R. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-21-00245-CV, 2021 WL 4775570, at *2 (Tex. App.—Austin Oct. 13, 2021, no pet.) (mem. op.) (same). Moreover, neither Father's original attorney nor his substituting counsel ever filed a jury demand—timely or untimely—with an answer, counter-petition, affidavit of inability to pay costs, or as a separate pleading.

While Father frames his issue on appeal as the "wrongful denial of his right to a jury trial," the procedural vehicle he employed in the trial court was a motion for continuance, and we therefore review the trial court's challenged ruling under the standards of review

applicable to such motions. A motion for continuance may not be granted except for sufficient cause supported by affidavit, by the parties' consent, or by operation of law. *See* Tex. R. Civ. P. 251. When a motion for continuance does not comply with Rule 251, "reviewing courts generally presume that the trial court did not abuse its discretion in denying the motion." *Sheen v. Sheen*, No. 03-18-00358-CV, 2019 WL 2554570 at *2 (Tex. App.—Austin June 21, 2019, no pet.) (mem. op.) (citing *Villegas*, 711 S.W.2d at 626). Father's motion was not supported by affidavit and was not granted by operation of law. Furthermore, the Department and children's attorneys ad litem opposed it. We thus presume that the trial court did not abuse its discretion in denying Father's motion, and we will not disturb the trial court's action unless the record discloses a clear abuse of discretion. *See Villegas*, 711 S.W.2d at 626.

Father's former attorney had notice, since September 28, 2021, of the earliest possible jury setting of March 28, 2022 and the latest possible non-jury setting of April 11 but never filed a jury demand. *Cf.* Tex. R. Civ. P. 216(a) ("No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court within a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance."). That attorney's motion for withdrawal and substitution of counsel recited the pending non-jury and jury settings. Father's new attorney, substituted in on March 18, 2022, also had notice of those settings but did not file a jury demand, even untimely. This Court has held that a party's failure to timely file a jury demand in a parental-rights-termination case, when her counsel has been aware of the trial settings throughout the case, is not—without more— sufficient to support a complaint that a trial court abused its discretion in denying a motion for continuance to allow the filing of a jury demand. *See K.J. v. Texas Dep't of Fam. & Protective*

6

*Servs.*, No. 03-18-00556-CV, 2018 WL 6816795, at *2 (Tex. App.—Austin Dec. 28, 2018, pet. denied) (mem. op.).

Finally—even assuming that the automatic dismissal date could have been extended in compliance with Section 263.401—Father did not request an extension beyond the April 18, 2022 "deadline," as his counsel referred to the date, or attempt to demonstrate the existence of extraordinary circumstances or that such extension would be in the children's best interests. *See* Tex. Fam. Code § 263.401(b). In light of the information before the trial court, the absence of a jury demand on file or an extension request, the objections by the Department and the children's respective attorneys ad litem to a continuance, and Father's failure to support his motion for continuance with an affidavit, we conclude that the trial court did not abuse its discretion in denying Father's motion.

### In-chambers interview

In his second issue, Father argues that the trial court violated his due-process rights and abused its discretion by interviewing Pedro in chambers, per the motion of the child's attorney ad litem, without providing Father a record of the interview or the opportunity to cross-examine or rebut the child's statements. Family Code Section 153.009 ("Interview of Child in Chambers") provides, "In a nonjury trial or at a hearing, on the application of a party . . . or the attorney ad litem for the child, the court shall interview in chambers a child 12 years of age or older," and, "On the motion of a party . . . or the attorney ad litem for the child . . . the court shall cause a record of the interview to be made when the child is 12 years of age or older . . . ." Tex. Fam. Code § 153.009(a), (f).

Father admits that he "may have failed to preserve this complaint" because he did not object to the interview, file a response to the motion, request that a transcript be made of the

interview, request to be present during the interview, or raise the complaint in a motion for new trial. Section 153.009 permits any party to make application for any of the relief set forth in that statute, and the trial court's interview of a child "does not diminish the discretion of the court in determining the best interests of a child." *Id.* Nonetheless, Father contends that the trial court, "in the interest of justice," "should have afforded [him] the opportunity to know what his son stated" in the interview.

The record reflects that Father has, indeed, waived the issue because he did not object to the interview or otherwise raise the issue below, *see* Tex. R. App. P. 33.1(a); *Smuts v. Caracheo*, No. 03-20-00559-CV, 2021 WL 3743831, at *5 (Tex. App.—Austin Aug. 25, 2021, no pet.) (mem. op.), and the case he cites for support of his position is thus not on point, *cf. Gabel v. Gabel-Koehne*, 649 S.W.3d 590, 597–98 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (concluding that, by raising issue in motion for new trial, appellant preserved complaint that no record was made of in-chambers interview despite trial court's prior contrary representations because it was appellant's first opportunity to object after learning about such alleged error). Because Father waived error as to this complaint, we overrule his second issue.

## CONCLUSION

Having overruled Father's issues, we affirm the trial court's final decree terminating Father's parental rights to Pedro and Ilana.

_____
Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed: October 26, 2022