**Affirmed and Memorandum Majority and Concurring Opinions filed March 9, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00537-CV

---

## ILIA FARD, Appellant

## V.

## ZEINAB HAJIZADEH, Appellee

---

**On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2019-85225**

---

## M E M O R A N D U M   M A J O R I T Y   O P I N I O N

Appellant Ilia Fard ("Husband") appeals from a final divorce decree dissolving his marriage to appellee Zeinab Hajizadeh ("Wife"). In two issues, Husband asserts the trial court erred by (1) granting his trial attorney's motion to withdraw as counsel, and (2) denying his motion for new trial. For the reasons below, we affirm.

BACKGROUND

Wife filed an original petition for divorce in November 2019, and Husband filed a counter-petition approximately one month later. Trial was scheduled for April 26, 2021.

Husband's attorney filed a "Motion for Withdrawal of Counsel" on February 23, 2021. According to the motion, "good cause" warranted withdrawal because the attorney was "unable to effectively communicate with [Husband] in a manner consistent with good attorney-client relations." The motion also stated that Husband "has not consented to the motion," but Husband did sign and approve "as to form and substance" an "Unopposed Order on Motion for Withdrawal of Counsel" filed on March 3, 2021, that would have granted the motion to withdraw. This order was not signed by the trial court.

Husband's attorney filed a "First Amended Unopposed Motion for Withdrawal of Counsel" one month later. The amended motion asserts the same underlying reason as "good cause" warranting withdrawal. However, unlike the original motion, the amended motion states that Husband "consented to the motion." Filed with the amended motion was an affidavit from Husband stating, in relevant part:

5) I agree that good cause exists for withdrawal of Veronica Bridgett Dorsey as counsel.

6) I know I could object, and I have a right to object.

7) I consent to the Motion to Withdrawal of counsel.

\*   \*   \*

9) I am aware of the trial court setting on April 26, 2021 @ 9:00 a.m.

The trial court signed an order granting the amended motion to withdraw on March 22, 2021, which Husband had previously approved "as to form and substance."

The parties proceeded to a bench trial on June 17, 2021. There is no reporter's record of the trial even though a court reporter recorded the trial proceedings. The trial court signed a final divorce decree on July 23, 2021, and awarded Wife (1) a judgment of $40,212 against Husband, and (2) $10,516.76 as attorney's fees.

Husband filed a motion for new trial in August 2021. In his motion, Husband asserted that the withdrawal of his trial counsel placed him in "legal peril" because he was unable to "find capable counsel willing to take on his case." According to Husband, his inability to retain counsel resulted in an unjust and inequitable division of the parties' marital estate.

The trial court held a hearing on Husband's new trial motion and signed an order denying the motion. There is a reporter's record of the motion for new trial hearing. Husband timely appealed.

## ANALYSIS

Husband asserts five issues[1] on appeal which, collectively, contend that the trial court erred by:

1.      granting his trial attorney's motion to withdraw as counsel; and

2.      denying his motion for new trial.

---

[1] Specifically, Husband delineates his issues as follows: (1) "[t]he trial court erred in granting the motion to withdraw filed by [Husband's] counsel in close proximity of trial leaving [Husband] in legal peril"; (2) "[t]he trial court erred in granting the motion to withdraw filed by [Husband's] counsel in close proximity of trial because there was insufficient evidence offered to support good cause justifying withdrawal under the circumstances"; (3) "[t]he trial court erred in granting the motion to withdraw filed by [Husband's] counsel in close proximity of trial without *sua sponte* granting enough time for [Husband] to locate new counsel and in accordance with the court's obligation to ensure that withdrawal would not cause foreseeable prejudice to the client"; (4) "[t]he trial court's erroneous decision to permit counsel's withdrawal in close proximity of trial without postponing trial substantially prejudiced [Husband's] rights, placing [Husband] at a severe disadvantage both procedurally and substantively in the resulting trial court proceedings"; and (5) "[t]he trial court erred in denying [Husband's] motion for new trial."

3

Wife did not file a responsive appellate brief. We turn to the issues Husband raises on appeal.

## I. Trial Counsel's Motion to Withdraw

We review a trial court's ruling granting a motion to withdraw as counsel for an abuse of discretion. *Caddell v. Caddell*, 597 S.W.3d 10, 13 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Harrison v. Harrison*, 367 S.W.3d 822, 826 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to guiding rules or principles. *Harrison*, 367 S.W.3d at 826-27 (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002)).

The Texas Rules of Civil Procedure provide that an attorney "may withdraw from representing a party only upon written motion for good cause shown." Tex. R. Civ. P. 10. Where, as here, another attorney is not substituted for the withdrawing counsel, the written motion must state: (1) that a copy of the motion has been delivered to the party; (2) that the party has been notified in writing of his right to object to the motion; (3) whether the party consents to the motion; and (4) the party's last known address and all pending settings and deadlines. Tex. R. Civ. P. 10; *see also Jackson v. Jackson*, 556 S.W.3d 461, 467 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Although the Texas Rules of Civil Procedure do not define "good cause," the Texas Disciplinary Rules of Conduct articulate relevant considerations. *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.15, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9); *see also Harrison*, 367 S.W.3d at 827. Therefore, "[b]efore a trial court allows an attorney to withdraw, it should see that the attorney has complied with the Code of Professional Responsibility." *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

Disciplinary Rule 1.15, entitled "Declining or Terminating Representation," states that a lawyer shall not withdraw from representing a client unless:

(1)    withdrawal can be accomplished without material adverse effect on the interests of the client;

(2)    the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes may be criminal or fraudulent;

(3)    the client has used the lawyer's services to perpetrate a crime or fraud;

(4)    a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has a fundamental disagreement;

(5)    the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)    the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7)    other good cause for withdrawal exists.

*See* Tex. Disciplinary Rules Prof'l Conduct R. 1.15(b). Rule 1.15 also provides that, upon termination of the representation, the lawyer "shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned." *Id*. R. 1.15(d).

Here, the trial court's order granting the amended motion to withdraw as counsel does not constitute an abuse of discretion. The amended motion complied with the requirements of Texas Rule of Civil Procedure 10 and stated (1) a copy of the motion was delivered to Husband; (2) Husband was notified in writing of his right to object to the motion; (3) Husband consented to the motion; (4) Husband's

5

last known address; and (5) pending settings and deadlines. *See* Tex. R. Civ. P. 10. The request to withdraw also was supported by "good cause," *i.e.*, counsel's assertion that she and Husband were "unable to effectively communicate . . . in a manner consistent with good attorney-client relations." *See id.*; *see also In re A.R.*, 236 S.W.3d 460, 473-75 (Tex. App.—Dallas 2007, no pet.) ("good cause" for withdrawal shown when evidence demonstrated that attorney was "unable to communicate with the client").

Moreover, the amended motion states that Husband consented to his attorney's withdrawal — an assertion repeated in Husband's affidavit filed with the amended motion.[2]  This consent provides further support to the trial court's order granting the amended motion to withdraw. *See, e.g.*, *Sims v. Sims*, 623 S.W.3d 47, 53, 57 (Tex. App.—El Paso 2021, pet. denied) (because the appellant originally consented to her attorney's motion to withdraw, her later "change of heart" did not show the trial court abused its discretion when it granted the motion); *In re C.C.F.*, No. 13-13-00049-CV, 2014 WL 495272, at *3 (Tex. App.—Corpus Christi Feb. 6, 2014, no pet.) (mem. op.) (the trial court did not abuse its discretion in granting the motion to withdraw when, "[a]t the time the trial court ruled on the motion, appellant consented to it").

Likewise, the arguments Husband raises on appeal do not warrant revisiting the trial court's order.

---

[2] The Concurring Memorandum Opinion asserts that this action shows that Husband failed to preserve his challenge to the order granting his attorney's motion to withdraw.  But the record also shows that Husband took inconsistent positions on this issue:  Husband opposed withdrawal in his attorney's original motion to withdraw as well as in his motion for new trial.  Given this procedural posture, we choose to address the merits of the issue rather than merely disposing of it on waiver. *See also, e.g.*, *Sims v. Sims*, 623 S.W.3d 47, 53, 57 (Tex. App.—El Paso 2021, pet. denied) (court considered the merits of the appellant's challenge to the trial court's order granting her attorney's motion to withdraw even though appellant "consent[ed] to the withdrawal" in the trial court).

Husband asserts that the trial court erred by not holding an evidentiary hearing on the motion. However, Husband does not cite any authority stating that a trial court must hold a hearing on an attorney's motion to withdraw — particularly when, as here, the client consented to the motion.

Husband also contends that (1) his trial attorney erred by not filing a motion for continuance with the motion to withdraw, and (2) the trial court erred by not *sua sponte* granting a continuance. But the cases Husband cites to support this argument rely on facts different from those presented here. In those cases, the trial court failed to grant a continuance when an attorney withdrew shortly before trial. *See Villegas*, 711 S.W.2d at 626-27 (the trial court erred in failing to grant a continuance when the attorney withdrew two days before trial); *Jackson*, 556 S.W.3d at 471-72 (the trial court erred in failing to grant a continuance when the attorney withdrew the morning of trial). Conversely here, the amended motion to withdraw was granted a month before the April trial setting and, ultimately, three months before the case went to trial.

Finally, Husband argues that the trial court's order granting the amended motion to withdraw "led to the rendition of an improper judgment" and "adversely affected [Husband's] ability to properly present many of his arguments" at trial. However, the appellate record does not include a transcript of the trial proceedings. Without this reporter's record, we cannot evaluate Husband's argument dependent on an analysis of the bench trial. *See Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see also James v. Houston Hous. Auth.*, No. 14-13-00312-CV, 2014 WL 3555755, at *3 (Tex. App.—Houston [14th Dist.] July 17, 2014, no pet.) (mem. op.) (noting that when "there is no reporter's record . . . this court is bound to presume that the proceedings in the trial court support its judgment").

We overrule Husband's issues challenging the trial court's order granting his trial attorney's amended motion to withdraw as counsel.

## II.     Husband's Motion for New Trial

Husband also contends that the trial court erred by not granting his motion for new trial, which challenged the trial court's order granting the amended motion to withdraw as counsel.

We review the trial court's disposition of a new trial motion for an abuse of discretion. *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021) (per curiam). "The trial court serves as fact-finder at a hearing on a motion for new trial and, accordingly, is the sole judge of the credibility of a witness." *Almendarez v. Valentin*, No. 14-10-00085-CV, 2011 WL 2120115, at *5 (Tex. App.—Houston [14th Dist.] May 24, 2011, no pet.) (per curiam) (mem. op.).

Here, the record does not support revisiting the trial court's denial of Husband's motion for new trial. The trial court held a hearing on the motion, at which Husband testified. According to Husband, the timing of his attorney's withdrawal from his case did not leave him enough time to obtain new counsel for the June 17, 2021 trial. Husband also testified that his original trial attorney "lost [his] documents."

On cross-examination, Husband was questioned regarding his efforts to secure new counsel. Husband said he did not remember "if [he] went to see any lawyers." According to Husband, he "called to [a] lawyer's office, but they have not enough time." When Husband was asked which attorney he "tried to book an appointment with," Husband said he "can't remember." Husband agreed that he did not "file anything with the court or contact the court in any way to tell them that [he] had not found a lawyer."

The trial court, as factfinder, was the sole judge of the witnesses' credibility and it was within its province to reject Husband's testimony regarding the consequences of his attorney's withdrawal. *See id.* Moreover, the bench trial was held approximately three months after the trial court granted the amended motion to withdraw. In its discretion, the trial court reasonably could have concluded that this period of time was sufficient for Husband to obtain new counsel or to alert the court as to his difficulties.

We overrule Husband's issue challenging the trial court's denial of his new trial motion.

## CONCLUSION

We affirm the trial court's final divorce decree.


/s/    Meagan Hassan
       Justice

Panel consists of Justices Zimmerer, Spain, and Hassan (Spain, J., concurring).